UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MANN CONSTRUCTION, INC.,
BROOK WOOD, KIMBERLY WOOD,
LEE COUGHLIN, and DEBBIE COUGHLIN,

        Plaintiffs,

v.                                                                                       Case No. 20-11307
                                                                                         Honorable Thomas L. Ludington
INTERNAL REVENUE SERVICE
and UNITED STATES OF AMERICA,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

On May 26, 2020, Plaintiffs Mann Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin, and Debbie Coughlin filed a complaint against Defendants, the Internal Revenue Service (the "IRS" or the "Service") and the United States of America, seeking refund of a penalty imposed for failure to report a transaction identified by IRS Notice 2007-83 (the "Notice"). ECF No. 1. On August 20, 2020, Defendant, the United States of America, filed a motion to dismiss. ECF No. 15. On October 20, 2020, the motion was granted in part, and Counts I, II, and IV of Plaintiffs' complaint were dismissed. ECF No. 22. On October 23, 2020, Plaintiffs moved for reconsideration of the dismissal of Count IV. ECF No. 23. Defendants were ordered to respond and did so on November 3, 2020. ECF No. 26. For the reasons stated below, Plaintiffs' motion for reconsideration will be denied.

**I.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result

in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

## II.

### A.

At issue in this case is the legality of certain penalties assessed against Plaintiffs because of their failure to report a trust transaction referred to as the "DBT/RPT" in tax year 2013 ("TY 2013").[1] Count IV alleged that Plaintiffs were entitled to a refund because the DBT/RPT was not a listed transaction and, therefore, they were not required to report it. ECF No. 1 at PageID.29. However, after thorough consideration of Plaintiffs' briefing, this Court found that the DBT/RPT, as described in the complaint, met the four Notice elements and was therefore a listed transaction. ECF No. 22 at PageID.255–63. Thus, Count IV was dismissed.

### B.

Plaintiffs now argue that it was error to dismiss Count IV because (1) the DBT/RPT accumulated no cash value in TY 2013, and therefore could not satisfy Element 3 of the Notice, and (2) the "expected tax consequences of the [DBT/RPT] are not the same as or

---

[1] The background of this case is discussed at greater length in the prior order. *See* ECF No. 22. at PageID.231–43.

substantially similar to the tax consequences of those transactions described in the Notice." ECF No. 23 at PageID.267–69. Neither argument highlights any palpable defect in the prior order.

**1.**

The Notice states, "Any transaction that has all of the following elements, and any transaction that is substantially similar to such a transaction, are identified as 'listed transactions' for purposes of [C.F.R.] § 1.6011-4(b)(2) and [U.S.C.] §§ 6111 and 6112." I.R.S. Notice 2007-83, 2007-2 C.B. 960. The Notice then lists four elements. Element 3 provides,

> (3) The trust or other fund pays premiums (or amounts that are purported to be premiums) on one or more life insurance policies and, with respect to at least one of the policies, value is accumulated either:
>
> (a) within the policy (for example, a cash value life insurance policy); or
>
> (b) outside the policy (for example, in a side fund or through an agreement outside the policy allowing the policy to be converted to or exchanged for a policy which will, at some point in time, have accumulated value based on the purported premiums paid on the original policy).

*Id.* Plaintiffs allege that Element 3 is not met because "[i]n 2013, no value accumulate[d] within the policy or outside the policy based on the contribution to the Death Benefit Trust." ECF No. 23 at PageID.267. Indeed, "the whole life policy accumulated no cash value in the first year." *Id.* (emphasis omitted). Even assuming this is true, Element 3 is satisfied where "value is accumulated . . . within the policy." I.R.S. Notice 2007-83, 2007-2 C.B. 960. The Notice does not limit reportability to the specific years in which value is accumulated. This should come as no surprise given that the Notice is just one part of a regulatory regime aimed at making potentially abusive transactions known. *See* ECF No. 22 at PageID.231–32 (discussing history of tax shelter reporting). Furthermore, the Notice specifically identifies "cash value life insurance" as an example, *Id.*, and Plaintiffs' do not deny that whole life insurance is a form of cash value

life insurance. Accordingly, Plaintiffs' theory that the DBT/RPT was not reportable in 2013 because it did not accumulate value in 2013 has no merit.

**2.**

Plaintiffs' second argument is premised on the notion that a transaction is not covered by the Notice if it is not "substantially similar" to the transactions described therein. ECF No. 23 at PageID.268. "The term substantially similar includes any transaction that is expected to obtain the same or similar types of tax consequences and that is either factually similar or based on the same or similar tax strategy." 26 C.F.R. § 1.6011-4(c)(4). Therefore, Plaintiffs argue, "Even if Plaintiffs' DBT/RPT meets all four of the elements . . . , that alone is not enough to conclude that the transaction is covered by the Notice. There still must be a determination that Plaintiffs' DBT/RPT is expected to obtain the same or similar types of tax consequences." ECF No. 23 at PageID.268.

Plaintiffs are mistaken. The Notice states, "Any transaction that has all of the following elements, *and* any transaction that is substantially similar to such a transaction, are identified as 'listed transactions' for purposes of [C.F.R.] § 1.6011-4(b)(2)." I.R.S. Notice 2007-83, 2007-2 C.B. 960 (emphasis added). In other words, "substantial similarity" as defined by the Treasury regulations, is a sufficient but not necessary condition to a listed transaction. A transaction that meets the four elements stated in the Notice is a listed transaction.

Moreover, as Defendants note, the complaint shows that the DBT/RPT *was* "expected to obtain the same or similar types of tax consequences." 26 C.F.R. § 1.6011-4(c)(4). The complaint provides that, as part of "the expected tax consequences," "Mann was entitled to a deduction in accordance with the express provisions of IRC §§ 61 and 419 for contributions to the DBT and in accordance with the express provisions of IRC §§ 162 and 83(h) for

contributions to the RPT." ECF No. 1 at PageID.20. As held in the prior order, Element 4 is triggered where "the employer takes a deduction greater than the amount paid for insurance premiums, *except* premiums for cash value life insurance." ECF No. 22 at PageID.260. Plaintiffs sought favorable tax treatment through the exact sort of deductions identified by the Notice.[2] Accordingly, Plaintiffs' second argument for reconsideration must be rejected.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 23, is **DENIED**.

Dated: November 6, 2020                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

[2] Plaintiffs state, "[T]he evidence will show the intended tax consequences of the DBT/RPT are as great as 95% different than transactions described in the Notice. Plaintiffs' factual allegation in this regard should be accepted as true for purposes of adjudicating the Defendant's Motion to Dismiss Count IV." ECF No. 23 at PageID.268–69. Allegations regarding how the DBT/RPT operated and what sort of deductions were taken are factual allegations and are assumed true. Allegations regarding the tax consequences of the DBT/RPT—that is, Plaintiffs' resulting tax liability—involve legal conclusions based on tax law. These allegations need not be assumed true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Furthermore, "the term substantially similar must be broadly construed in favor of disclosure." 26 C.F.R. § 1.6011-4(c)(4).