UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————————— X

MANN CONSTRUCTION, BROOK
WOOD, KIMBERLY WOOD, LEE
COUGHLIN, and DEBBIE COUGHLIN,

     *Plaintiffs,*

     v.

UNITED STATES OF AMERICA,

     *Defendant.*

Case no. 1:20-cv-11307-TLL-PTM

The Hon. Thomas L. Ludington,
U.S.D.J.

The Hon. Patricia T. Morris, U.S.M.J.

———————————————————— X

## DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

The United States of America respectfully moves this Court to grant summary judgment to the United States in the above-captioned case. Count 3 of the Complaint, the only remaining count, alleges that IRS Notice 2007-83 was improperly issued because it was not issued using notice-and-comment rulemaking. But Congress intended that the IRS continue to identify listed transactions via notice, in accordance with the preexisting regulation, and thus Notice 2007-83 is not invalid; this intent is clear from the text of the statute, 26 U.S.C. § 6707A.

The parties conferred by telephone on Tuesday, February 23, 2021, regarding this motion.  At that conference, counsel for the United States explained the nature of the motion and its legal basis and requested but did not obtain concurrence.

For the reasons stated above, the United States moves this Court to grant the United States summary judgment as to Count 3, the only remaining count.  A memorandum of law in support of this motion is attached.

Dated: February 24, 2021              Respectfully submitted,

                                        */s/ Arie M. Rubenstein*
                                        ARIE M. RUBENSTEIN
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55, Washington, D.C.  20044
                                        202-307-6588 (t) / 202-514-5238 (f)
                                        Arie.M.Rubenstein@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——————————————————————— X

MANN CONSTRUCTION, BROOK
WOOD, KIMBERLY WOOD, LEE
COUGHLIN, and DEBBIE COUGHLIN,

     *Plaintiffs,*

     v.

UNITED STATES OF AMERICA,

     *Defendant.*

——————————————————————— X

Case no. 1:20-cv-11307-TLL-PTM

# DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION FOR SUMMARY JUDGMENT</u>

# Table of Contents

I.    Summary of Argument ..................................................................1

II.   Background ..............................................................................3

    A.   Procedural posture ...............................................................3

    B.   Legislative and regulatory background ........................................3

III.  Analysis .................................................................................7

    A.   The IRS issued Notice 2007-83 in accordance with 26 C.F.R.
        § 1.6011-4, which permits identification of listed transactions by
        notice...............................................................................7

    B.   Congress can exempt agencies from notice-and-comment
        rulemaking expressly or by implication........................................7

    C.   Congress intended that the IRS continue to identify listed
        transactions by notice. .......................................................10

    D.   Subsequent statutory enactments confirm the regulation,
        including identifying listed transactions by notice, comports with
        Congress's intent. ...........................................................13

IV.   Conclusion ............................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asiana Airlines v. FAA,*
  134 F.3d 393 (D.C. Cir. 1998) .......................................................... 9, 10

*Ass'n of Data Processing Serv. Orgs. v. Bd. of Govs. of Fed. Res. Sys.,*
  745 F.2d 677 (D.C. Cir. 1984) ................................................................ 9

*Boeing Co. v. United States,*
  537 U.S. 437 (2003) ............................................................................. 16

*Cohen v. United States,*
  578 F.3d 1 (D.C. Cir. 2009) ................................................................. 12

*Cremeens v. City of Montgomery,*
  602 F.3d 1224 (11th Cir. 2010) ........................................................... 12

*Dorsey v. United States,*
  567 U.S. 260 (2012) ..................................................................... 8, 9, 10

*Fletcher v. Peck,*
  10 U.S. (6 Cranch) 87 (1810) (Marshall, C.J.) ..................................... 8

*Koprowski v. Baker,*
  822 F.3d 248 (6th Cir. 2016) ............................................................... 15

*Lockhart v. United States,*
  546 U.S. 142 (2005) (Scalia, J., concurring) ...................................... 8, 9

*Lorillard v. Pons,*
  434 U.S. 575 (1978) ............................................................................. 15

*Marcello v. Bonds,*
  349 U.S. 302 (1955) ............................................................................... 9

*Raymond v. United States,*
   983 F.2d 63 (6th Cir. 1993) ................................................................. 14

*Reisner v. Commissioner,*
   T.C. Memo. 2014-230 .......................................................................... 12

*Sewards v. Commissioner,*
   785 F.3d 1331 (9th Cir. 2015) ............................................................. 14

*SIH Partners v. Commissioner,*
   150 T.C. 28 (2018) ............................................................................... 14

*United States v. Bailey,*
   34 U.S. (9 Pet.) 238 (1835) (Story, J.) ................................................ 12

*United States v. Cleveland Indians Baseball Co.,*
   532 U.S. 200 (2001) ............................................................................. 14

*Voisine v. United States,*
   136 S. Ct. 2272 (2016) ......................................................................... 12

**Statutes**

5 U.S.C. § 559 ............................................................................... 7, 9, 10

26 U.S.C. § 4965 .................................................................................. 14

26 U.S.C. § 6011 ........................................................................... 1, 6, 11

26 U.S.C. § 6707A ......................................................................... *passim*

Administrative Procedure Act ...................................................... *passim*

American Jobs Creation Act of 2004 § 811(a), Pub. L. 108-
   357 ........................................................................................................ 5

Small Business Jobs Act of 2010 § 2041(a), Pub. L. 111-240 ................. 15

Tax Increase Prevention and Reconciliation Act of 2005 §
   516, Pub. L. 109-222 .......................................................................... 14

## Other Authorities

26 C.F.R. § 1.6011-4 ........................................................................ *passim*

65 FR 11205-02 (March 2, 2000) ................................................ 4

65 FR 11269-01 (March 2, 2000) ................................................ 4

Sixteenth Amendment ................................................................ 10

Const. Art. I § 8 ......................................................................... 11

Department of the Treasury, *The Problem of Corporate Tax Shelters* (July 1999), *available at* https://go.usa.gov/xftcn ................. 4

H.R. Conf. Rep. No. 109-455 (2006) ......................................... 15

H.R. Rep. No. 108-548 (2004) .................................................... 3

Hearing on Tax Shelters, Senate Fin. Comm. (March 21, 2002), 2002 WL 442814 ............................................................ 5

IRS, *Recognized Abusive and Listed Transactions*, *at* https://www.irs.gov/businesses/corporations/listed-transactions (last visited Feb. 24, 2021) .................................. 6

Letter from Charles P. Rettig, Commissioner of the IRS, to Charles Grassley, Chairman of the Senate Finance Committee, a*vailable at* https://perma.cc/HM4E-RBUJ (Feb. 12, 2020) ...................................................................... 17

Notice 2000-15, 2000-12 I.R.B. 826 ........................................... 6

Notice 2004-67, 2004-41 I.R.B. 600 ......................................... 13

Notice 2009-59, 2009-31 I.R.B. 170 ......................................... 16

Notice 2007-83, 2007-45 I.R.B. 960 ........................................... 6

S. Rep. No. 97-494 (1982) ........................................................... 4

S. Rep. No. 99-313 (1986) ........................................................... 4

iii

## <u>Concise Statement of the Issue Presented</u>

Has Congress authorized the IRS to identify listed transactions by notice, as provided in 26 C.F.R. § 1.6011-4?

## Controlling Authority for Relief Sought

26 U.S.C. § 6707A defines "reportable transaction" and "listed transaction" with reference to regulations promulgated under 26 U.S.C. § 6011 and prescribes penalties for failure to comply with the regulation.  26 C.F.R. § 1.6011-4, one of the referenced regulations, governs the issuance of listed transaction notices and prescribes the reporting procedures.

I.      **Summary of Argument**

The IRS acted in accordance with the express intent and

authorization of Congress in issuing Notice 2007-83.  Accordingly, the

Notice cannot be invalidated for failure to comply with the notice-and-

comment rulemaking procedures set out in the Administrative

Procedure Act.

The Treasury issued the final regulation that requires the

reporting of listed transactions to the IRS, 26 C.F.R. § 1.6011-4, in 2003.

That regulation empowers the IRS to identify listed transactions by

notice.  *Id.* § 1.6011-4(b)(2).  The next year, Congress enacted Section

6707A of the Internal Revenue Code (26 U.S.C.), which imposes

penalties to enforce the reporting requirements created pursuant to the

regulation.  Congress incorporated the regulation into the definition of a

"reportable transaction," defining this term as a transaction "as

determined under regulations prescribed under section 6011 . . . ."  26

U.S.C. § 6707A(c)(1).  The "regulations prescribed under section 6011"

already existed, and they permitted the identification of listed

transactions by "notice, regulation, or other form of published

guidance."

By incorporating the regulation into the statute, Congress endorsed the listed transaction regime and authorized the IRS to continue acting in compliance with the regulation.  The IRS is thus carrying out the will of Congress by continuing, as it has for twenty years, to identify listed transactions via notice.  To the extent that this congressionally authorized procedure is incompatible with the notice-and-comment procedures of the Administrative Procedure Act, Congress has overridden those procedures.[1]  Because the IRS issued Notice 2007-83 in accordance with the procedure Congress authorized and directed it to use, Notice 2007-83 was properly issued.

---

[1] The United States does not contend that Congress exempted the listed transaction regime from any other Administrative Procedure Act requirements (for example, the requirement that agencies not act in an arbitrary and capricious manner).  The Court has already held that the Notice complies with the requirements of the Administrative Procedure Act other than the notice-and-comment provisions.  *See* ECF No. 22, PageID.244-251.

## II.    Background

### A.    Procedural posture

Plaintiffs allege that the IRS assessed certain penalties for their

failure to report a transaction identified by Notice 2007-83, which

designates a certain transaction as a listed transaction.[2]  Plaintiffs

claimed a refund of those penalties on the grounds that their

transaction did not meet the elements specified in Notice 2007-83 and

that Notice 2007-83 was invalid under the Administrative Procedure

Act.  The Court dismissed all of Plaintiffs' claims except for Count III,

which alleges that Notice 2007-83 is invalid because it was not issued

via notice-and-comment rulemaking.  *See* ECF No. 22, PageID.255.

### B.    Legislative and regulatory background

Notice 2007-83 is part of Congress and Treasury's tax shelter

reporting regime.  Built on the insight that "the best way to combat tax

shelters is to be aware of them," H.R. Rep. No. 108-548 at 261 (2004),

the regime requires taxpayers to report transactions identified by

Treasury through administrative guidance.  Treasury created the

---

[2] The procedural and transactional history are discussed in detail
in the Court's Order Granting in Part and Denying in Part Defendant's
Motion To Dismiss, ECF No. 22, at PageID.232-243.

reportable transaction regime following decades of unsuccessful efforts to fight the swift-moving designers of tax shelters. *See generally* S. Rep. No. 97-494 (1982) (discussing the "growing phenomenon of abusive tax shelters"); S. Rep. No. 99-313 (1986). Congress's efforts to address abusive transactions through generalized legislation had proven ineffective, *see* Department of the Treasury, *The Problem of Corporate Tax Shelters* 59-60 (July 1999), *available at* https://go.usa.gov/xftcn, and piecemeal legislation proved unworkable, *id.* at 99.

Finally, in 2000, Treasury promulgated the temporary and proposed regulations that set forth the reportable transaction regime. 65 FR 11205-02 (March 2, 2000); 65 FR 11269-01 (March 2, 2000). Those regulations required taxpayers who participate in reportable transactions, including a sub-category of reportable transactions called "listed transactions," to report that participation to the IRS Office of Tax Shelter Analysis. The regulations explicitly permitted identification of listed transactions by notice. Temp. Treas. Reg. § 1.6011-4(b)(2) (2000). Contemporaneously, the IRS issued Notice 2000-15, which identified the first listed transactions.

In 2003, following a notice-and-comment period, Treasury finalized the regulation, 26 C.F.R. § 1.6011-4.  68 FR 10161-01 (March 4, 2003).  The final regulation defines a listed transaction as "a transaction that is the same as or substantially similar to one of the types of transactions that the [IRS] has determined to be a tax avoidance transaction and *identified by notice, regulation, or other form of published guidance*," 26 C.F.R. § 1.6011-4(b)(2) (emphasis added).

Although Treasury had created the reportable transaction regime, it could not impose penalties for failure to comply.  Treasury officials thus explained the regime to Congress and requested that Congress impose penalties on taxpayers who fail to report listed transactions. *See* ECF No. 15, PageID.97-98 (discussing Treasury officials' testimony before Congress regarding the reportable transaction regime and the use of notices to identify listed transactions); *see, e.g.,* Hearing on Tax Shelters, Senate Fin. Comm. (March 21, 2002), 2002 WL 442814 (discussing Treasury's request for legislation to impose penalties).

Congress approved of the regime and deemed penalties to be appropriate.  Congress thus enacted 26 U.S.C. § 6707A, which penalizes failure to report a reportable or listed transaction.  *See* American Jobs

Creation Act of 2004 § 811(a), Pub. L. 108-357.  That statute defines
"reportable transaction" as a transaction "as determined under
regulations prescribed under section 6011" that the Treasury had
determined to have the potential for tax avoidance or evasion, and
"listed transaction" as a reportable transaction the same as, or
substantially similar to, a transaction specifically identified by the
Secretary as a tax avoidance transaction for purposes of section 6011.
In 2004, when the statute was enacted, the "regulations prescribed
under section 6011" included 26 C.F.R. § 1.6011-4, finalized in 2003,
which permitted the IRS to list transactions by notice.

There are currently thirty-six listed transactions, thirty-four of
which were identified via notice; the others were identified by revenue
ruling (which are similarly not issued through notice-and-comment).[3]
Among these is the transaction the IRS identified in Notice 2007-83,
*Abusive Trust Arrangements Utilizing Cash Value Life Insurance
Policies Purportedly to Provide Welfare Benefits*, 2007-45 I.R.B. 960.

---

[3] *See* IRS, *Recognized Abusive and Listed Transactions*, *at*
https://www.irs.gov/businesses/corporations/listed-transactions (last
visited Feb. 24, 2021); Notice 2000-15, 2000-12 I.R.B. 826 (identifying
the first seven transactions as listed transactions).

## III.   Analysis

### A.   The IRS issued Notice 2007-83 in accordance with 26 C.F.R. § 1.6011-4, which permits identification of listed transactions by notice.

The IRS issued Notice 2007-83 in accordance with the relevant regulation, which permits the IRS to identify listed transactions "by notice, regulation, or other form of published guidance."  26 C.F.R. § 1.6011-4(b)(2).  Plaintiffs' claim, therefore, is not just that the Notice is invalid, but that the regulation itself is invalid, insofar as it authorizes identification of listed transactions via notice.  But as discussed below, Congress indicated its approval of the regulation by incorporating it into the statute and by enhancing the statute, and therefore the regulation cannot be invalidated as contrary to prior law.

### B.   Congress can exempt agencies from notice-and-comment rulemaking expressly or by implication.

Congress has the power to exempt an agency from a statutory requirement, including notice-and-comment rulemaking, and it can exercise that power expressly or by implication.  This remains true notwithstanding that the Administrative Procedure Act states that a subsequent statute will not be held to supersede its procedures unless it "does so expressly."  5 U.S.C. § 559.  Thus, if Congress intended in

Section 6707A that the IRS follow a procedure that differs from notice-and-comment, then the IRS is authorized to do so regardless of the Administrative Procedure Act.

It is foundational that "statutes enacted by one Congress cannot bind a later Congress," *Dorsey v. United States*, 567 U.S. 260, 274 (2012). "[O]ne legislature cannot abridge the powers of a succeeding legislature. The correctness of this principle, so far as respects general legislation, can never be controverted." *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 135 (1810) (Marshall, C.J.). Among Congress's powers is "the power to make its will known in whatever fashion it deems appropriate," *Lockhart v. United States*, 546 U.S. 142, 148 (2005) (Scalia, J., concurring).

A corollary of this principle is that, regardless of the language in a prior statute, Congress can ignore its dictates and can express its intention either expressly or through implication: "Congress . . . remains free to repeal the earlier statute, to exempt the current statute from the earlier statute, to modify the earlier statute, or to apply the earlier statute but as modified. And Congress remains free to express any such intention either expressly or by implication as it chooses."

*Dorsey*, 567 U.S. at 274 (internal citations omitted). "When the plain import of a later statute directly conflicts with an earlier statute, the later enactment governs, *regardless* of its compliance with any earlier-enacted requirement of an express reference or other 'magical password.'" *Lockhart*, 546 U.S. at 148-49 (Scalia, J., concurring). Although Congress must make its intention to alter the prior legislation clear, "the Court has described the necessary indicia of congressional intent by the terms 'necessary implication,' 'clear implication,' and 'fair implication,' phrases it has used interchangeably." *Dorsey*, 56 U.S. at 274 (citations omitted).

Thus, while the APA provides that a subsequent statute will not be held to supersede its procedures unless it "does so expressly," 5 U.S.C. § 559, Congress can nevertheless override APA procedures expressly or by implication, so long as it "plainly expresses a congressional intent to depart from normal APA procedures." *Asiana Airlines v. FAA*, 134 F.3d 393, 396 (D.C. Cir. 1998); *see also Marcello v. Bonds*, 349 U.S. 302 (1955) (declining to "require the Congress to employ magical passwords in order to effectuate an exemption from the Administrative Procedure Act."); *cf. Ass'n of Data Processing Serv. Orgs. v. Bd. of Govs. of Fed. Res. Sys.*, 745

F.2d 677, 685-86 (D.C. Cir. 1984) ("Surely the import of the § 559 instruction is that Congress's *intent to make a substantive change* be clear.") (emphasis in original).  And while exceptions to the APA are to be "narrowly construed and only reluctantly countenanced," *Asiana Airlines*, 134 F.3d at 396, an agency need not follow APA procedures if Congress has plainly demonstrated an intention that the agency use some other procedure, whether expressly or by "fair implication."  *See Dorsey*, 56 U.S. at 274.

Therefore, when Congress enacted Section 6707A, if it clearly intended to authorize the IRS to identify listed transactions by notice, then it is irrelevant what was intended by the prior Congress that passed the APA.  As discussed below, Congress intended Section 6707A to authorize the IRS to continue to identify listed transactions by "notice, regulation, or other form of published guidance."

## C.  Congress intended that the IRS continue to identify listed transactions by notice.

Congress indisputably has the power to authorize the IRS to identify listed transactions by notice.  The Sixteenth Amendment authorizes Congress to collect an income tax, and the Constitution empowers Congress to make all laws necessary and proper for the

execution of its powers.  Const. Art. I § 8.  If Congress had included the language from the regulation in Section 6707A: "the term 'listed transaction' means any transaction . . . **specifically identified by the Secretary by notice, regulation, or other form of published guidance** as a tax avoidance transaction for purposes of Section 6011," there would be no question that the IRS would be empowered to identify listed transactions by notice.

Congress did in effect write those words:  In the course of strengthening the existing regime by enforcing it with civil penalties, Congress expressly referred to the preexisting regulation, which contained those words.  The statute as written defines "reportable transaction" as a transaction "**as determined under regulations prescribed under section 6011**," 26 U.S.C. § 6707A(c)(1), and it defines "listed transaction" as a reportable transaction "specifically identified by the Secretary as a tax avoidance transaction for purposes of Section 6011."  26 U.S.C. § 6707A(c)(2).  At the time the statute was enacted, just as today, the "regulations prescribed under section 6011" were 26 C.F.R. § 1.6011-4, which explicitly provided that the IRS could identify listed transactions "by notice, regulation, or other form of

published guidance." By incorporating the regulation into the statute, Congress authorized and instructed the IRS to continue following that regulation, including the provision permitting the IRS to identify listed transactions via notice.[4] *See United States v. Bailey*, 34 U.S. (9 Pet.) 238, 256 (1835) (Story, J.) ("Congress must be presumed to have legislated under this known state of the laws and usage of the treasury department."); *Voisine v. United States*, 136 S. Ct. 2272, 2280 (2016) (citing *Bailey*); *Reisner v. Commissioner*, T.C. Memo. 2014-230, at \*4 ("Congress is presumed to be aware of, and to adopt, any longstanding administrative interpretation of the penalty statutes when it takes no step to modify that interpretation.") (citations omitted). *Cf. Cremeens v. City of Montgomery*, 602 F.3d 1224, 1230 (11th Cir. 2010) ("It is not unreasonable to conclude that Congress, in passing [the statute at issue], was also aware of the dual assignment regulation, implicitly relied on it, and thereby ratified its continuing application.").

---

[4] This case is thus distinct from *Cohen v. United States*, 578 F.3d 1 (D.C. Cir. 2009), in that *Cohen* addressed a circumstance where Congress had not approved the IRS's procedures. *See id.* at 7 ("Congress had not anticipated" the procedure the IRS adopted). Here, after investigating the IRS's reportable transaction regime and procedures, including the identification of listed transactions by notice, Congress approved and authorized the IRS to continue to act as it had been doing before Congress enacted Section 6707A.

Notwithstanding the absence of an explicit instruction to bypass notice-and-comment rulemaking, by incorporating the regulation, Congress instructed the IRS to continue with the reportable transaction regime that it had already been operating for four years and strengthened that regime by imposing penalties on taxpayers who failed to comply with reporting obligations.[5]  The alternative is untenable:  It is illogical to suggest that by incorporating the regulation into the statute, Congress somehow abrogated it.  Nor would Congress incorporate a regulation it considered invalid into a statutory definition when the statute has no legal effect absent an implementing regulation.

### D. Subsequent statutory enactments confirm the regulation, including identifying listed transactions by notice, comports with Congress's intent.

Congress has repeatedly confirmed its approval of the current regime through subsequent legislative action.  Both in enacting Section 6707A and subsequently, Congress reaffirmed and strengthened the listed transaction regime while knowing that the regulation permitted Treasury to list transactions by notice.  Because Congress was

---

[5] At the time Congress enacted 26 U.S.C. § 6707A, the IRS had identified thirty listed transactions, twenty-six of which were identified by notice; the others were identified by revenue ruling.  *See* Notice 2004-67, 2004-41 I.R.B. 600 (reviewing listed transactions).

legislating against the background of the regulation, the regulation is deemed to receive congressional approval. As the Sixth Circuit has stated: "Treasury regulations 'long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law.'" *Raymond v. United States*, 983 F.2d 63, 66 (6th Cir. 1993) (quoting *Cottage Savings Ass'n v. Commissioner*, 499 U.S. 554, 561 (1991)); *see United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220 (2001) (same); *Sewards v. Commissioner*, 785 F.3d 1331, 1335 (9th Cir. 2015) (same); *see also SIH Partners v. Commissioner*, 150 T.C. 28, 53-54 (2018) ("Congress expressed no concerns as to the current rules . . . which strongly suggests that it did not view Treasury's construction of section 956(d) as unreasonable or contrary to the law's purpose.") (citing *Cottage Savings*, 499 U.S. at 561), *aff'd*, 923 F.3d 296 (3d Cir. 2019).

In 2006, following the enactment of Section 6707A, Congress affirmed the regulation a second time when it enacted 26 U.S.C. § 4965, which imposes penalties on non-profit organizations that engage in listed transactions. *See* Tax Increase Prevention and Reconciliation Act

of 2005 § 516, Pub. L. 109-222.  Congress recognized, when it enacted

this statute, that the regulation permitted the IRS to identify listed

transactions via notice.  *See, e.g.,* H.R. Conf. Rep. No. 109-455 at *125

(2006) (observing that the IRS identifies listed transactions "by notice,

regulation, or other form of published guidance").  Much like its

enactment of Section 6707A, Congress's imposition of further penalties

for failure to report listed transactions is legislative endorsement of the

manner in which the IRS had been identifying listed transactions.

In 2010, Congress acted a third time to enhance the penalties for

failure to report a listed transaction.  *See* Small Business Jobs Act of

2010 § 2041(a), Pub. L. 111-240 (revising Section 6707A).  By then, the

regulations permitting identification of listed transactions by notice had

been in place for a decade.  "Congress is presumed to be aware of an

administrative or judicial interpretation of a statute and to adopt that

interpretation when it re-enacts a statute without change."  *Lorillard v.*

*Pons*, 434 U.S. 575, 580 (1978); *see Koprowski v. Baker*, 822 F.3d 248,

253 (6th Cir. 2016) (citing *Lorillard*, 434 U.S. at 580).  Congress's

enhancement of the reporting penalties, while leaving the procedure

untouched, again demonstrates its approval of the regulation.

By 2010, when Congress enhanced the penalties for failure to report a listed transaction, the IRS had identified thirty-four listed transactions, thirty of which had been identified by notice; the remainder had been identified by revenue ruling. *See* Notice 2009-59, 2009-31 I.R.B. 170 (describing listed transactions as of July 15, 2009). Any argument that this was contrary to the will of Congress is incompatible with Congress's actions: It left intact the incorporation of the regulation into the statute and enhanced the penalties for failure to comply. *See Boeing Co. v. United States*, 537 U.S. 437, 457 (2003) ("The fact that Congress did not legislatively override [a preexisting regulation] in enacting the FSC provisions in 1984 serves as persuasive evidence that Congress regarded that regulation as a correct implementation of its intent.") (citing *Lorillard*, 434 U.S. at 580). If Congress had been dissatisfied with the IRS's identification of listed transactions, its enhancement of the penalties for taxpayers' failure to report those transactions would be illogical. Instead, Congress

reviewed and approved of the identification of listed transactions by notice, and sought to increase taxpayer compliance with that regime.[6]

## IV.   Conclusion

Treasury created the reportable transaction regime – including the provision that permitted the IRS to identify listed transactions by notice – in 2000.  Treasury officials discussed the regime at length with Congress and asked Congress to impose penalties for failure to report listed transactions.  Congress approved of the regime and agreed that penalties were appropriate, and so it enacted 26 U.S.C. § 6707A.  That statute incorporates the preexisting regulation.  Congress has monitored the IRS's activities under that regulation – including identifying listed transactions by notice – and has responded by adding an additional penalty and enhancing the existing penalties.

---

[6] Given the scope and importance of the listed transaction program and Congress's interest in fighting abusive tax schemes, Congress continues to monitor the listed transaction program and listed transaction notices.  *See, e.g.,* Letter from Charles P. Rettig, Commissioner of the IRS, to Charles Grassley, Chairman of the Senate Finance Committee, a*vailable at* https://perma.cc/HM4E-RBUJ (Feb. 12, 2020) (responding to a request for information on Notice 2017-10, which identifies a listed transaction in connection with which taxpayers have claimed $12.8 billion in deductions for 2016 and 2017).

Treasury's identification of listed transactions by notice is authorized by the statute and regulation and ratified by nearly two decades of Congressional supervision.  The IRS's actions are consistent with Congress's consistent support for the regulatory scheme at issue, including the identification of listed transactions by notice.  And if Congress intended that the IRS identify listed transactions by notice, then the notices – including Notice 2007-83 – are not invalid for failure to comport with the APA's notice-and-comment procedures.  The United States therefore respectfully requests that the Court grant the United States summary judgment as to Plaintiffs' Count III. [7]

---

[7] The United States' motion to dismiss argued additionally that the rules that impose the legal obligation on the public were the statute and the regulation, not the notices identifying listed transactions, and thus the listed transaction program was consistent with the notice-and-comment procedures of the Administrative Procedure Act.  ECF No. 15, PageID.94-95.  Because the Court has rejected this argument, ECF No. 22, PageID.252-255, the United States does not repeat it here, but does incorporate the argument by reference.

Dated: February 24, 2021      Respectfully submitted,

                              DAVID A. HUBBERT
                              Acting Assistant Attorney General


                              */s/ Arie M. Rubenstein*
                              ARIE M. RUBENSTEIN
                              STEPHANIE W. CHERNOFF
                              NOAH D. GLOVER-ETTRICH
                              Trial Attorneys, Tax Division
                              U.S. Department of Justice
                              P.O. Box 55, Washington, D.C. 20044
                              202-307-6588 (t) / 202-514-5238 (f)
                              Arie.M.Rubenstein@usdoj.gov