UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

——————————————————— X

MANN CONSTRUCTION, BROOK
WOOD, KIMBERLY WOOD, LEE
COUGHLIN, and DEBBIE COUGHLIN,

     *Plaintiffs,*

     v.

UNITED STATES OF AMERICA,

     *Defendant.*

——————————————————— X

Case no. 1:20-cv-11307-TLL-PTM

# DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN RESPONSE TO <u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>

# **Table of Contents**

I.   Summary of Argument ........................................................ 1

II.  Analysis ............................................................................. 2

   A.   Congress authorized the IRS to identify listed transactions by
      notice, and therefore Notice 2007-83 was not required to be
      issued through notice-and-comment rulemaking. .......................... 2

   B.   Plaintiffs lack standing to raise others' claims, and the Court
      should disregard their parade of horribles. .................................. 5

III. Conclusion ........................................................................ 8

## Concise Statement of the Issue Presented

Has Congress authorized the IRS to identify listed transactions by notice, as provided in 26 C.F.R. § 1.6011-4?

## Controlling Authority for Relief Sought

26 U.S.C. § 6707A defines "reportable transaction" and "listed transaction" with reference to regulations promulgated under 26 U.S.C. § 6011 and prescribes penalties for failure to comply with the regulation. 26 C.F.R. § 1.6011-4, one of the referenced regulations, governs the issuance of listed transaction notices and prescribes the reporting procedures.

## I.    Summary of Argument

In 2007, the IRS issued Notice 2007-83, which identifies certain purported employee benefit arrangements as listed transactions.  The IRS issued the Notice in accordance with the procedure specified in 26 C.F.R. § 1.6011-4, which permits the IRS to identify listed transactions by notice.  Treasury originally promulgated the regulation in 2000 as a temporary regulation and promulgated a final regulation in 2003.  In 2004, Congress enacted 26 U.S.C. § 6707A, which incorporates the regulation by reference, demonstrating Congress's intent that the IRS continue acting in accordance with the regulation.  The IRS thus promulgated Notice 2007-83 in accordance with the express will of Congress.

In 2013, Plaintiffs invested in a complex tax scheme designed to transfer untaxed profits from their company to their own pockets under the guise of providing employee benefits.  The transaction met the elements of Notice 2007-83, and thus the statute and regulation required Plaintiffs to report the transaction to the IRS Office of Tax Shelter Analysis.  Plaintiffs chose not to do so.  The IRS discovered the

transaction and assessed penalties.  Plaintiffs paid certain of those penalties and filed this suit seeking a refund.

The Court has already rejected Plaintiffs' arguments that their transaction does not meet the terms of the Notice, that the Notice is arbitrary and capricious, and that the statute of limitations bars any assessment against them.  ECF No. 22, PageID.230.  Plaintiffs' remaining argument is that the issuance of Notice 2007-83 without notice-and-comment rulemaking entitles them to a refund because the Notice is invalid.  But as discussed below and in more detail in the United States' motion for summary judgment, Congress authorized the IRS to continue identifying listed transactions by notice without prior comment from the public.  *See* ECF No. 38, PageID.365.  Notice 2007-83 thus is not invalid as contrary to statute.

## II.   Analysis

### A.   Congress authorized the IRS to identify listed transactions by notice, and therefore Notice 2007-83 was not required to be issued through notice-and-comment rulemaking.

As discussed in more detail in the United States' motion for summary judgment, Congress authorized the IRS to continue its practice of identifying listed transactions by notice when it enacted 26

U.S.C. § 6707A in 2004.  *See* ECF No. 38, PageID.365.  Because the IRS issued Notice 2007-83 in conformity with Congressional authorization, its categorization under the Administrative Procedure Act is irrelevant. The IRS acted in accordance with Congressional authorization, and thus the Notice was properly issued.

Plaintiffs ignore that the IRS had already been identifying listed transactions by notice for several years when Congress enacted the statute.  Plaintiffs argue that Congress must have intended for the IRS to identify listed transactions by regulation because "the statute envision[s] that IRS would be adding 'substantive content of [its] own,' i.e., specifically identifying the transaction that must be reported."  ECF No. 39, PageID.405.  But this cannot be what Congress intended.  When Congress passed 26 U.S.C. § 6707A in 2004, it knew that the IRS had been identifying transactions that must be reported by notice, as permitted by 26 C.F.R. § 1.6011-4, since the year 2000, when the IRS identified the first listed transactions, *see* Notice 2000-15, and that the IRS had consistently continued to do so, *see* Notice 2004-67, 2004-41 I.R.B. 600 (addressing nineteen additional notices identifying listed transactions).

Contrary to Plaintiffs' argument, Congress understood that the IRS was identifying listed transactions by notice and that the regulations permitted the IRS to do so. And Congress responded not by directing an alternative procedure, but rather by incorporating the regulations – which authorized the IRS to identify listed transactions by notice – into the statute. Plaintiffs' argument as to the classification of Notice 2007-83 under the Administrative Procedure Act is thus irrelevant; the IRS issued the Notice via a procedure endorsed by Congress, and therefore it was validly issued. *See* ECF No. 38, PageID.365. Thus, Plaintiffs' motion should be denied and judgment entered in favor of the United States.[1]

---

[1] Plaintiffs' Complaint states a claim for a refund of the penalties that they allege they paid, for tax year 2013. Compl. ¶ 103, ECF No. 1, PageID.23. A footnote in Plaintiffs' summary judgment brief suggests that they may now ask this Court to adjudicate their entitlement to a refund for other periods as well. *See* ECF No. 39, PageID.395 n.3. Because Plaintiffs did not (and cannot) allege that they paid these amounts and then filed a claim for refund at least six months before the filing of the Complaint, there is no jurisdiction to adjudicate their claim for refund of those amounts. *See* 26 U.S.C. § 6532(a); ECF No. 22, PageID.243 ("[T]he only claim for relief remaining is a judgment awarding damages in the amount of the 6707A penalty assessed for TY 2013.").

### B.    Plaintiffs lack standing to raise others' claims, and the Court should disregard their parade of horribles.

Although Plaintiffs' brief alleges various theoretical harms, which they have not themselves suffered but which they nevertheless raise as grounds for relief, these are chimeras.  Plaintiffs suggest that taxpayers could challenge Notice 2007-83 only by risking criminal sanction, but they are wrong – it is not a crime to fail to report information to the IRS based on a good-faith belief that the reporting requirement does not apply if the taxpayer discloses that belief to the IRS on a timely filed return.  *Cheek v. United States*, 498 U.S. 192, 201-02 (1991).  Plaintiffs identify no case, and the undersigned is aware of no case, where any person has been prosecuted in the circumstances Plaintiffs describe. More importantly, Plaintiffs have not even alleged, let alone tried to prove, that they themselves face criminal prosecution, and Plaintiffs lack standing to raise such concerns on behalf of other hypothetical plaintiffs.

Similarly, Plaintiffs imply that the listed transaction regime allows the IRS to act arbitrarily and capriciously, but that is not the law.  While Congress expressed in Section 6707A its intention that the IRS continue identifying transactions via notice, *i.e.*, without requiring

prior notice and comment, there is no indication – and the United States does not contend – that Congress meant to exempt the IRS from the substantive requirements of the Administrative Procedure Act. This includes the requirement that the IRS not act in an arbitrary and capricious manner.  The mandate in 26 U.S.C. § 6707A(c)(2) that the Secretary determine that the transaction is a "tax avoidance transaction" before the IRS can identify the transaction as a listed transaction puts the lie to Plaintiffs' allegation that the listed transaction regime allows the IRS to "subject any transaction to tax," ECF No. 39, PageID.392.  Likewise, the APA mandates that the agency not act arbitrarily and capriciously and that the agency not act in excess of statutory jurisdiction.  Indeed, Plaintiffs raised precisely those APA claims as to Notice 2007-83, and the Court addressed them (and rejected them) on the merits.  ECF No. 22, PageID.244-251.[2]

---

[2] To the extent that Plaintiffs are arguing that they are entitled to a refund because the IRS could theoretically issue a different notice that could be arbitrary and capricious and then penalize another taxpayer based on a failure to report that transaction, ECF No. 39, PageID.392-393, the APA prohibition against arbitrary and capricious action by the IRS would give those hypothetical plaintiffs a remedy. Regardless, Plaintiffs lack standing to represent hypothetical plaintiffs.

Despite Plaintiffs' suggestion to the contrary, the United States does not contend that the IRS has unfettered discretion to identify any transaction as a listed transaction with no remedy and no judicial review.  Our position is simply that the IRS established a procedure for identifying listed transactions that did not involve notice-and-comment and that Congress authorized and endorsed that procedure, and thus the IRS is not required to discard it.

Plaintiffs also try to conflate the right to sue to challenge the IRS's issuance of a listed transaction notice with the requirement that the IRS follow notice-and-comment procedures, but these are discrete issues.  In *CIC Services*, 925 F.3d 247 (6th Cir. 2019), *cert. granted*, 140 S. Ct. 2737 (2020), the Sixth Circuit held that the Anti-Injunction Act barred a pre-enforcement challenge to a reportable transaction notice. Plaintiffs quote extensively from Judge Thapar's dissent from the denial of rehearing *en banc*, 936 F.3d 501, 505-09 (6th Cir. 2019) (Thapar, J., dissenting), in which he opined that the Anti-Injunction Act should not bar a pre-enforcement challenge.  *See* ECF No. 39, PageID.393.  But this is a **post-enforcement** challenge:  Plaintiffs raised their merits challenge that the Notice was arbitrary and

capricious, and the Court rejected the challenge.  Whether the Anti-

Injunction Act applies has no relationship to whether Congress

authorized the IRS to continue following the procedures in 26 C.F.R.

§ 1.6011-4.[3]

## III.  Conclusion

In 2013, Plaintiffs entered into an abusive transaction, a complex

arrangement involving a trust and a cash-value insurance policy

designed to transfer cash from the company to its owners under the

guise of an employee benefit plan.  Although the transaction was

described in Notice 2007-83, Plaintiffs chose not to report it to the Office

of Tax Shelter Analysis.  Plaintiffs now seek to evade the penalties that

Congress prescribed by arguing that the IRS was required to solicit

public comment on Notice 2007-83 before issuing it.

Plaintiffs' argument is inconsistent with the controlling regulation

and the statute that adopts that regulation.  The IRS issued Notice

---

[3] Were Judge Thapar's position the law, Plaintiffs' claim would
likely be time-barred.  *See Sierra Club v. Slater*, 120 F.3d 623, 631 (6th
Cir. 1997) ("It likewise appears beyond question that the six-year
statute of limitations of [28 U.S.C. § ] 2401(a) applies to actions brought
pursuant to the APA."); *Wind River Min. Corp. v. United States*, 946
F.2d 710, 715 (9th Cir. 1991) ("If a person wishes to challenge a mere
procedural violation in the adoption of a regulation or other agency
action, the challenge must be brought within six years of the decision.").

2007-83 in accordance with 26 C.F.R. § 1.6011-4, which Congress had incorporated into the Internal Revenue Code three years earlier. Because it was issued pursuant to a statutorily authorized procedure, Notice 2007-83 is not procedurally invalid.  The United States therefore respectfully requests that the Court deny Plaintiffs' motion for summary judgment.


Dated: March 17, 2021                 Respectfully submitted,

                                      DAVID A. HUBBERT
                                      Acting Assistant Attorney General


                                      */s/ Arie M. Rubenstein*
                                      ARIE M. RUBENSTEIN
                                      STEPHANIE W. CHERNOFF
                                      NOAH D. GLOVER-ETTRICH
                                      Trial Attorneys, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 55, Washington, D.C. 20044
                                      202-307-6588 (t) / 202-514-5238 (f)
                                      Arie.M.Rubenstein@usdoj.gov