IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| MANN CONSTRUCTION, INC., *et al.* | ) | CASE NO. 1:20-cv-11307-TLL-PTM |
| | ) | |
| Plaintiffs, | ) | JUDGE THOMAS L. LUDINGTON |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFFS' REPLY IN** |
| | ) | **SUPPORT OF PLAINTIFFS'** |
| UNITED STATES OF AMERICA, | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| Defendant. | ) | |

Plaintiffs, Mann Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin, and Debbie Coughlin (collectively the "Plaintiffs"), respectfully submit this reply in support of their Motion for Summary Judgment (ECF No. 39) in accordance with this Honorable Court's Scheduling Order issued on December 9, 2020 (ECF No. 37). With respect to Count III of Plaintiffs' Complaint, Plaintiffs' Motion for Summary Judgment should be granted and Defendant's Motion for Summary Judgment (ECF No. 38) should be denied.

The only questions remaining before this Court are:

(1) Whether Congress could implicitly (i.e., not expressly) exempt the Internal Revenue Service ("IRS") from complying with the notice and comment requirements of the Administrative Procedures Act, 5 U.S.C. § 553, when issuing legislative rules identifying listed transactions pursuant to 26 U.S.C. § 6707A?

> (2) If Congress could implicitly exempt the IRS from complying with the APA, does the legislative history of 26 U.S.C. § 6707A evidence Congress's **clear intent** to exempt the IRS from complying with the notice and comment requirement?

The answer to the first question is **no**. Simply put, there is no case authority or statutory support for Defendant's novel theory. However, even if the first question is affirmatively answered, Defendant cannot satisfy the second question. The legislative history simply does not demonstrate Congressional intent to exempt the IRS from the APA's notice and comment provision with respect to its issuance of Notice 2007-83 (the "Notice"), a legislative rule. *See,* Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment ("Plaintiffs' Opposition"), ECF No. 42 at PageID 448 – 453.

There is no dispute that 5 U.S.C. § 553(b) excepts certain agency guidance from the notice and comment requirements if the agency guidance is either interpretive or for cause. Otherwise, subsequent statutes can only exempt the IRS if the statute does so expressly as required by 5 U.S.C. § 559. As set forth below and in Plaintiffs' Opposition (ECF No. 42), the authorities cited by Defendant do not expressly exempt the IRS from the APA's notice and comment requirement.

Having offered no argument to the contrary, Defendant acknowledges the Notice is legislative as opposed to interpretive. Indeed, Defendant has not argued that either of the exceptions set forth in 5 U.S.C. 553(b) apply in this case. Moreover, Defendant does not oppose Plaintiffs' claim that they are entitled to the refund

2

requested if the Court finds the Notice is invalid under the APA. Defendant waived these arguments by failing to raise them in Defendant's Motion for Summary Judgment (ECF No. 38) or in its Response to Plaintiffs' Motion for Summary Judgment (ECF No.41). *See*, *Schuette v. Rand*, E.D. Mich. No. 18-10497, 2020 U.S. Dist. LEXIS 241779, at *13-14 (Dec. 23, 2020) (plaintiff failed to respond in opposition to defendant's argument in motion for summary judgment and, therefore, waived opposition to the argument); *see also*, *Scott v. Tenn.*, 878 F.2d 382 (Table), 878 F.2d 382, 1989 U.S. App. LEXIS 9653, *4 (6th Cir. 1989)) ("[Where] a plaintiff fails to respond or to otherwise oppose a defendant's motion . . . the district court may deem the plaintiff to have waived opposition to the motion.").

Defendant's other argument, that Congress implicitly exempted the IRS from complying with the APA's notice and comment requirement, should be rejected. Defendant is just recasting its previously rejected argument from its Motion to Dismiss (ECF No. 15, PageID 94-103). In denying Defendant's motion to dismiss Count III, this Court properly concluded "[t]here is no controlling authority for an exception to notice and comment based on Congressional intent." ECF No. 22, PageID 255. Yet, Defendant maintains – without citation to any persuasive legal authority or clear congressional intent – that "Congress authorized the IRS to continue identifying listed transactions by notice without prior comment from the public." ECF No. 41 at PageID 426. Defendant further contends, again without legal

3

support or evidence of clear intent, that the IRS issued the Notice "in accordance with Congressional authorization." *Id.* at Page ID 427.

"[C]ongressional authorization" of an agency's prior action "requires something more than 'mere acquiescence' to the action." *See, Skyworks, LTD v. Centers for Disease Control & Prevention*, 2021 U.S. Dist. LEXIS 44633 at \*\*36-37 (N.D. Ohio, March 10, 2021) (*citing Hannah v. Larche*, 363 U.S. 420, 439 (1960). In *Skyworks*, the court held "Congress may, by enactment not otherwise inappropriate, ratify acts which it might have authorized and give the force of law to official action unauthorized when taken. When Congress ratifies prior actions, however, it must do so clearly and 'explicitly so declare[].'" *Id.* at \*36 (internal quotations and citations omitted). Here, Congress never declared – explicitly or otherwise – that Treasury was permitted to issue the Notice without following the APA's notice and comment requirement. Thus, the Notice is invalid.

Additionally, Defendant's apparent continued reliance on *Asiana Airlines v. FAA*, 134 F.3d 393 (D.C. Cir. 1998) remains misplaced. In *Asiana Airlines*, the question addressed by the court was "whether Congress has established procedures so clearly different from those required by the APA that it must have intended to displace the norm." *Id*. at 397. In other words, only "when Congress sets forth specific procedures that 'express[] its **clear intent** that APA notice and comment procedures need not be followed,' an agency may lawfully depart from the normally

4

obligatory procedures of the APA." *Id.* at 398 (emphasis added), quoting *Methodist Hospital of Sacramento v. Shalala,* 309 U.S. App. D.C. 37, 38 F.3d 1225, 1237 (D.C. Cir. 1994). In support of its holding, the court determined, similar to *Marcello v. Bonds*, 349 U.S. 302 (1955), that the established alternative procedures were clearly different but "functionally equivalent to the procedures mandated for adjudications governed by [APA]." *Id.* The court observed that:

> In the Act, Congress provided express direction to the FAA regarding its procedure for establishing fees for overflights: "the Administrator shall publish in the Federal Register an initial fee schedule and associated collection process as an interim final rule, pursuant to which public comment will be sought and a final rule issued." 49 U.S.C. § 45301(b)(2). This language at least in part specifies procedures which differ from those of the APA: the agency was to issue not a proposed rule, but an "interim final rule," and comment was to be sought "pursuant to," not in anticipation of, that rule.

*Id.* at 398.

Here, the question is the same – did Congress establish procedures via 26 U.S.C. § 6707A that are so clearly different from those required by the APA that it must have intended to displace the norm? It did not. The statute (26 U.S.C. § 6707A) does not establish alternative procedures and can be reconciled with the APA's notice and comment requirement. Accordingly, there is no justification to depart from ordinary APA procedures. Instead, based on the IRS's own Treasury Regulation, it unilaterally decided that it could issue a legislative rule by notice – a notice that functions as a final rule, that changes the rights, obligations and duties of

5

regulated parties, and subjects those regulated parties to exposure to substantial monetary and criminal penalties for failing to comply. *See, Esquivel-Quintana v. Lynch*, 810 F.3d 1019, 1023-24 (6th Cir. 2016) ("Left unchecked, deference to agency interpretations of laws with criminal applications threatens a complete undermining of the Constitution's separation of powers.").

It is worth noting that Defendant's contention that Congress somehow "authorized" the IRS to issue the Notice without complying with notice and comment is truly devoid of legal support. As stated in Plaintiffs' Opposition, neither *Dorsey* nor *Asiana Airlines* (or any of the other cases cited by Defendant) support this notion. And certainly nothing in the legislative history of 26 U.S.C. § 6707A evidences clear Congressional authority permitting the IRS to depart from the requirements of the APA. Moreover, Defendant's argument contradicts its earlier argument in its Motion for Summary Judgment that Congress "implicitly" exempted the IRS from notice and comment.[1] Implicitly allowing an agency to act is starkly

---

[1] Contradictory arguments are not unexpected from Defendant. In its Motion to Dismiss Count IV of Plaintiffs' Complaint, Defendant argued Element 1 of the Notice was satisfied because the subject transaction "involve[d] a trust or other fund described in § 419(e)(3)." ECF No. 15 at PageID 106. The Notice, at the outset proclaims that transactions that satisfy all elements of the Notice are "not allowable for federal tax purposes." ECF No. 15-1 at PageID 113. Yet, in *Peter E. McGowan DDS, Inc. v. United States*, Case No. 19-cv-01073 in the United States District Court, Northern District of Ohio, Western Division, a pending case in which a taxpayer is challenging the tax reporting of the transaction at issue, Defendant, represented by the same counsel as in the case at bar, argues that the tax reporting is incorrect because the transaction **does not** involve a trust or fund, but is rather a principal-

different from Congress clearly or expressly permitting it to act. Implicit authorization is "mere acquiescence" and differs from clear intent.

No matter how the Defendant casts or recasts its argument, the Notice is a legislative rule; and Congress did not expressly exempt (or even implicitly exempt) the IRS from the APA's notice and comment requirement when identifying listed transactions. Accordingly, the Notice is invalid and, therefore, Plaintiffs are entitled to the relief sought.

Respectfully submitted,

*/s/ Matthew C. Miller*
Walter A. Lucas (OH 0068150)
*WLucas@westonhurd.com*
Samuel J. Lauricia III (OH 0078158)
*SLauricia@westonhurd.com*
Matthew C. Miller (OH 0084977)
*MMiller@westonhurd.com*
**WESTON HURD LLP**
1300 E. 9th Street, Suite 1400
Cleveland, Ohio 44114
Phone: 216-241-6602; Fax: 216-641-8369
*Counsel for Plaintiffs*

---

agency relationship between the company and the independent trustee. In other words, Defendant is taking polar opposite positions with respect to the existence of a trust in two different cases involving the identical Benefits Trust transaction. Defendant's win at all cost approach seemingly knows no bounds. *See,* ECF 42 at PageID 446, Footnote 2.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's electronic filing system on April 9, 2021.

>*/s/ Matthew C. Miller*
>Matthew C. Miller (0084977)