UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---------------------------------------X

MANN CONSTRUCTION, BROOK WOOD, KIMBERLY WOOD, LEE COUGHLIN, and DEBBIE COUGHLIN,

   *Plaintiffs,*

v.

UNITED STATES OF AMERICA,

   *Defendant.*

Case no. 1:20-cv-11307-TLL-PTM

---------------------------------------X

**DEFENDANT UNITED STATES OF AMERICA'S REPLY
IN FURTHER SUPPORT OF THE UNITED STATES'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**I.      The United States' argument is based on the statute, not the legislative history.**

In 2004, Congress enacted 26 U.S.C. § 6707A, which defines a "reportable transaction" as a transaction "as determined under regulations prescribed under section 6011," 26 U.S.C. § 6707A(c)(1). Congress knew that Treasury had proposed and finalized those regulations and that the IRS had been identfying listed transactions in the manner they permit for four years. By incorporating the regulations into the statute, Congress authorized the IRS to continue identifying reportable transactions in the manner they prescribe.

Plaintiffs mischaracterize the United States' argument as relying on legislative history, but the United States relies on the statutory text and the chronology of the statute and regulations. The legislative history shows that Congress was aware the IRS was identifying listed transactions by notice and even studied certain listed transaction notices when it enacted the statute, eliminating any doubt that Congress understood the import of the statute. While informative, however, the legislative history is unnecessary, as Congress is presumed to act with knowledge of the regulations. *United States v. Bailey*, 34 U.S. (9 Pet.) 238, 256 (1835); *Reisner v. Commissioner*, T.C. Memo. 2014-230, at *4.

At no point do Plaintiffs address the fact that the statute incorporates the regulations or how the statute and regulations can be squared with notice-and-comment procedures (understandably, as they cannot). Instead, Plaintiffs attack

strawmen. First, Plaintiffs suggest that Congress may have "acquiesced" to the regulation, and that mere acquiescence is not approval. ECF No. 42, PageID.447. But acquiescence occurs when Congress fails to act in the face of agency action. Here, Congress studied the regulations and then enacted legislation that references and utilizes the regulations. This is explicit authorization, not mere acquiescence.[1]

Second, Plaintiffs mischaracterize the United States as arguing that no IRS notice need ever be issued via notice-and-comment rulemaking, and then cite cases to the contrary. But the United States makes no such argument. The issue here is limited to whether Section 6707A authorizes the IRS to continue identifying listed transactions in the manner described in 26 C.F.R. § 1.6011-4(b)(2). Plaintiffs cite various cases in which courts have addressed other IRS published guidance, but none of the cases have any relationship to Section 6707A or the listed transaction regime. These cases are thus irrelevant to the issue before this Court.

Plaintiffs begin by mischaracterizing *Intermountain Insurance Service of Vail, LLC*, 134 T.C. 211 (2010). Athough Plaintiffs introduce their blockquote with "the Tax Court stated:" (ECF No. 42, PageID.442), they are quoting from an opinion concurring in the result only. The opinion of the Tax Court does not address the APA. Regardless, the concurrence is irrelevant. The case is about a

---

[1] Plaintiffs ask whether notices issued prior to the statute violate the APA, but prior to 2004, there were no penalties for failure to report those transactions. Regardless, that issue is not before the Court.

court decision interpreting a statute and subsequent regulations that interpret it differently. It has no bearing on whether Congress authorized the IRS to continue identifying listed transactions in the manner described in 26 C.F.R. § 1.6011-4.

Similarly, Plaintiffs overstate *Cohen v. United States*, 578 F.3d 1, 9 (D.C. Cir. 2009) as holding that "the IRS is required to comply with the APA's notice and comment requirements when issuing notices or revenue procedures that 'change[] taxpayers' rights and obligations.'" ECF No. 42, PageID.445. *Cohen* says nothing so broad. *Cohen* addresses an IRS notice that provided a procedure for taxpayers to request a refund of certain excise taxes. More importantly, Congress had not approved the IRS proceeding by notice in *Cohen*.

Most bafflingly, Plaintiffs cite *Bullock v. IRS*, 401 F. Supp. 3d 1144, 1156 (D. Mont. 2019), as support for their conclusion that "notices that are deemed legislative are subject to the APA's notice and comment requirements." ECF No. 42, PageID.446. *Bullock* does not involve an IRS notice – it addresses an IRS Revenue Procedure that modified reporting requirements for tax-exempt entities that had been promulgated in a regulation. This simply has no bearing on whether Congress authorized the IRS to continue identifying listed transactions in accordance with 26 C.F.R. § 1.6011-4.[2]

---

[2] Plaintiffs also accuse the United States of describing their transaction using disparaging statements, ECF No. 42, PageID.446-447 n.2, but the statements at issue are supported by the undisputed facts.

## II. Congress intended for the IRS to move quickly to require reporting of transactions it deems abusive.

Plaintiffs present a handful of quotations from legislative history out of context to support the false impression that Congress was concerned that the reportable transaction regime enabled IRS overreach. But this argument is belied by the statute itself, which makes Congress's intention plain. Regardless, the legislative history demonstrates Congress's unambiguous support for the IRS's reporting regime.

Plaintiffs conflate the IRS's ability to require reporting with a purported ability to shut down a transaction. The reportable transaction regime is solely about disclosure and does not affect the evaluation of the transaction's tax consequences. *See* 26 C.F.R. § 1.6011-4(a) ("The fact that a transaction is a reportable transaction shall not affect the legal determination of whether the taxpayer's treatment of the transaction is proper."). Plaintiffs cite portions of the legislative history to support their contention that Congress would not have intended to give the IRS broad powers to shut down transactions without notice and comment. But Congress did not do so. The regime provides the IRS with authority to require *reporting* of transactions it believes may be abusive, but the merits of specific transactions are determined by the statute and regulations.

More importantly, Plaintiffs' hearing transcript shows that the participants supported the reportable transaction regime because it provided the IRS the tools it

needed to move quickly to keep up with the ever-shifting tax shelter industry.  *See, e.g.,* PageID.467-469, 471-472, 475, 476-477, 495, 519, 534.  Plaintiffs point to statements about the difficulty in evaluating complex transactions on the merits and the need to ensure that the IRS cannot overreach by redefining the substantive tax law.  But in context, those statements are in fact praising the reportable transaction regime – the hearing participants are emphasizing that disclosure will provide the IRS and Congress with the information necessary to evaluate the transactions on the merits.[3]

Additionally, the legislative history Plaintiffs cite confirms that Congress understood the operation of 26 C.F.R. § 1.6011-4.  The testimony includes discussion of specific listed transaction notices.  *See, e.g.,* PageID.513, 527, 530, 535, 551, 570.  It is also replete with discussions of the issuance of IRS notices to identify listed transactions.[4]  *See, e.g.,* PageID.472, 495, 501, 513, 527, 530, 535,

---

[3] Plaintiffs also take testimony out of context to support an assertion that "once the IRS makes the rule a taxpayer cannot 'escape from a penalty.'" ECF No. 42, PageID.453.  The quotation is discussing penalties that apply only if the transaction is disallowed on the merits.  Notably, that statute also incorporates the regulations.  *See* ECF No. 42-1, PageID.492; 26 U.S.C. § 6664(d)(3)(A) (denying certain defenses to underpayment penalties for reportable transactions unless they are "disclosed in accordance with the regulations prescribed under section 6011").

[4] Plaintiffs suggest that while Congress may have authorized the IRS to continue identifying listed transactions by notice, Congress believed that notices would be issued via notice-and-comment procedures.  But the long history of the IRS's use of notices, and Congress's familiarity with listed transaction notices, shows that Congress understood (as it is presumed to understand) that the IRS issues notices without soliciting public comment beforehand.

551, 569, 570. Congress understood the regulatory scheme and was dissatisfied that "compliance with the regulations [is], to put it bluntly, a joke." PageID.465 (statement of Chairman Baucus); *see also* PageID.467. Congress asked Treasury for proposals to enhance compliance. PageID.465. Treasury proposed penalties "to change the risk-reward analysis for taxpayers who would enter into questionable transactions and play the audit lottery to avoid paying their fair share of taxes." PageID.467. Congress adopted Treasury's recommendation. *See* 26 U.S.C. §§ 6707A, 6662A, 6664(d)(3)(A).

After hearing extensive testimony about 26 C.F.R. § 1.6011-4, which permitted identification of listed transactions by notice, Congress enacted a statute that references the regulation; the clear purpose of that statute is to enhance compliance with the regulations. The only reasonable reading of this chronology is that Congress authorized the IRS to continue proceeding pursuant to 26 C.F.R. § 1.6011-4, including identifying listed transactions by notice.

### III.  Conclusion

Treasury proposed the reportable transaction regime in 2000, including a provision permitting the IRS to identify listed transactions by notice. Congress studied the regime and several IRS notices and concluded that compliance with the regime was "a joke." Congress responded by enacting 26 U.S.C. § 6707A and related statutes, which refer to the regulations and penalize failure to comply with

them.  The statutes thus demonstrate an intent that the IRS continue to operate the listed transaction regime in the manner described in the regulations.

Plaintiffs have no substantive response.  Instead, they cite cases criticizing unrelated IRS actions and they take legislative history quotes out of context to make it appear that Congress was concerned that participants in questionable transactions not be burdened with having to report those transactions to the IRS.  In fact, the legislative history shows that Congress viewed the IRS's ability to act quickly to require disclosure as vital to the fight against abusive transactions.

Plaintiffs' argument is ultimately a policy argument:  They believe the IRS should not have the power to require taxpayers to report a transaction the IRS believes to be abusive until the IRS has solicited comments on the transaction.  But the question for this Court is not what policy is best; it is:  What did Congress intend?  The statute, and the legislative history, are clear:  Congress intended that the IRS continue to follow the procedures in 26 C.F.R. § 1.6011-4.  The IRS issued Notice 2007-83 in accordance with those procedures, and it is thus not invalid.

Dated: April 9, 2021	Respectfully submitted,

/s/ Arie M. Rubenstein
ARIE M. RUBENSTEIN
Trial Attorney, U.S. Department of Justice
P.O. Box 55, Washington, D.C.  20044
202-307-6588 (t) / 202-514-5238 (f)
Arie.M.Rubenstein@usdoj.gov