IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| MANN CONSTRUCTION, INC., *et al*. | ) | CASE NO. 1:20-cv-11307-TLL-PTM |
| | ) | |
| Plaintiffs, | ) | JUDGE THOMAS L. LUDINGTON |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFFS' MOTION TO** |
| | ) | **ENFORCE MANDATE OF THE** |
| UNITED STATES OF AMERICA, | ) | **SIXTH CIRCUIT COURT OF** |
| | ) | **APPEALS** |
| Defendant. | ) | |

Plaintiffs, Mann Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin, and Debbie Coughlin (collectively the "Plaintiffs"), respectfully move this Court for an order enforcing the mandate of the United States Court of Appeals for the Sixth Circuit in this case. On March 3, 2022, the Court of Appeals for the Sixth Circuit, in a unanimous and unqualified decision authored by Chief Judge Jeffrey Sutton, decided *Mann Constr., Inc. v. United States,* 27 F.4th 1138 (6th Cir.2022), setting aside IRS Notice 2007-83, 2007-2 C.B. 960, because the IRS failed to follow the notice-and-comment procedures required by the APA. The Sixth Circuit's mandate was issued on April 25, 2022.

In order to enforce the Sixth Circuit's mandate, Plaintiffs hereby move this Court for an order: (1) vacating and setting aside Notice 2007-83; (2) requiring Defendants issue a refund forthwith, together with interest, to each Plaintiff,

respectively, for the § 6707A penalties paid for 2013; and (3) requiring Defendants

to rescind § 6707A penalties imposed on Plaintiffs in each of the years 2014-2017

or, to the extent any of the Plaintiffs have already paid the § 6707A penalties for any

of the years 2014-2017, Defendants are to issue a refund, together with interest, to

each Plaintiff who has paid such penalty for any of those years.  Further, Plaintiffs

request such other relief to which they may be entitled in accordance with its Motion

for Attorneys' Fees (ECF No. 52).

The grounds for this Motion are fully set forth in the attached Memorandum

in Support. For the convenience of this Court, a proposed order is attached hereto.


Respectfully submitted,

*/s/ Matthew C. Miller*
Walter A. Lucas (OH 0068150)
*WLucas@westonhurd.com*
Samuel J. Lauricia III (OH 0078158)
*SLauricia@westonhurd.com*
Matthew C. Miller (OH 0084977)
*MMiller@westonhurd.com*
**WESTON HURD LLP**
1300 E. 9th Street, Suite 1400
Cleveland, Ohio 44114
Phone:  216-241-6602; Fax:  216-641-8369
*Counsel for Plaintiffs*

## MEMORANDUM IN SUPPORT

### I.      BACKGROUND

On May 26, 2020, Plaintiffs filed this lawsuit against the United States seeking (1) to set aside Notice 2007-83 for failure to comply with the Administrative Procedures Act (APA); and (2) a refund of penalties paid to the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6707A.

On August 25, 2020, the United States filed a motion to dismiss Plaintiffs' Complaint. [ECF No. 15]. On October 20, 2022, the Court granted in part and denied in part the United States' motion to dismiss. [ECF No. 22]. Significantly, the Court allowed Plaintiffs' primary claim—failure to comply with APA's notice and comment requirement—to proceed. On February 24, 2021, both parties sought summary judgment on this remaining claim. With matter fully briefed, on May 13, 2021, the Court granted the United States' motion for summary judgment. [ECF No. 45].

On May 14, 2021, Plaintiffs appealed the Court's orders granting the United States' motion to dismiss and motion for summary judgment to the Sixth Circuit of Appeals. [ECF No. 47]. The parties argued the appeal on December 9, 2021. On March 3, 2022, in a unanimous decision authored by Chief Judge Jeffrey Sutton, the Sixth Circuit reversed this Court's summary judgment order and setting aside Notice 2007-83. In so ordering, Chief Judge Jeffrey Sutton writes:

3

Because the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, we must set it aside. In the absence of this Notice, we need not address the taxpayers' remaining claims.

*Mann Constr., Inc. v. United States,* 27 F.4th 1138 (6th Cir.2022). This Court received the Sixth Circuit's mandate on April 25, 2022. [ECF No. 50].

## II.   LEGAL ANALYSIS

Because the Sixth Circuit's decision fully resolved the merits of Plaintiffs' claims, all that remains for this Court to do is to enforce the Sixth Circuit's mandate. *See In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 40 L. Ed. 414, 16 S. Ct. 291 (1895) (a lower court "is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution."); *see also United States Steel Corp. v. Holley,* 479 F.2d 489, 494 (6th Cir. 1973) (on remand, a trial court must proceed in accordance with the mandate and law of the case on identical issues as established by the appellate court); *Cowgill v. Raymark Indus., Inc.,* 832 F.2d 798, 802 (3d Cir. 1987) (law of the mandate, also called law of the case, embodies the principle that on remand "litigants should not be permitted to relitigate issues that they have already had a fair opportunity to contest"); *Firth v. United States,* 554 F.2d 990, 993 (9th Cir. 1977) ("When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court."). On remand, a trial

court can only consider "any issue not expressly or impliedly disposed of on appeal." *Firth,* 554 F.2d at 993; *see also Nguyen v. United States,* 792 F.2d 1500, 1502 (9th Cir. 1986). District courts "must implement both 'the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *Delgrosso v. Spang & Co.,* 903 F.2d 234, 240 (3d Cir. 1990) (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3rd Cir. 1985).

To enforce the mandate here, the Court should do three things. ***First***, and consistent with Sixth Circuit's unambiguous holding, it should set aside and vacate Notice 2007-83. ***Second***, the Court should order Defendants to issue a refund forthwith, together with interest, to each Plaintiff, respectively, for the § 6707A penalties paid for 2013. The § 6707A penalties paid for 2013 based solely on Plaintiffs' alleged failure to disclose its participation in a purported listed transaction, identified in Notice 2007-83. ***Third***, the Court should order Defendants to rescind § 6707A penalties imposed on Plaintiffs in each of the years 2014-2017 or, to the extent any of the Plaintiffs have already paid the § 6707A penalties for any of the years 2014-2017, Defendants are to issue a refund, together with interest, to each Plaintiff who has paid such penalty for any of those years.

**A.    The Court Must Abide by the Sixth Circuit's Mandate and Vacate and Set Aside Notice 2007-83**

On March 3, 2022, the Sixth Circuit held that "[b]ecause the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, we must set it aside." *Mann Constr., Inc.* 27 F.4th at 1148. The Sixth Circuit's conclusion is clear: Notice 2007-83 is unlawful and must be set aside. This mandate contains no qualifications. The entire Notice is set aside everywhere and as to everyone.

In relevant part, the APA provides: "To the extent necessary to decision and when presented, the reviewing court shall . . . **hold unlawful and set aside** agency action" where, as here, that action fails to comply with the procedure required by law. 5 U.S.C. § 706(2)(C) (emphasis added). In the annals of the APA and administrative law, the term "set aside" as used in 5 U.S.C. § 706(2)(C) means "vacatur." In fact, successful challenges against government agencies that violate the APA favor nationwide vacatur of agency actions that violate the APA.

Significantly, and very recently on March 21, 2022, the United States District Court, Eastern District of Tennessee in *CIC Serv. v. United States*, adopted the Sixth Circuit's opinion in *Mann Constr., Inc.* as "binding" and concluded that Notice 2016-66 (a Notice issued in a similar manner as Notice 2007-83) "is invalid because the IRS failed to observe notice-and-comment procedures required by the APA." *CIC Servs., LLC v. Internal Revenue Serv.*, E.D.Tenn. No. 3:17-cv-110, 2022 U.S.

6

Dist. LEXIS 63545, at *11 (Mar. 21, 2022). The Eastern District of Tennessee further agreed with *Mann Constr., Inc.* that the plain "text of the APA provides that the reviewing court 'shall . . . **hold unlawful and set aside** agency action, findings, and conclusions found to be . . . arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law' or 'without observance of procedure required by law.'" *Id*. ¶ 21 citing 5 U.S.C. § 706(2)(A), (D) (emphasis in original). Upon finding that the IRS failed to observe notice-and-comment when promulgating Notice 2016-16, the Eastern District of Tennessee ordered that "Internal Revenue Service Notice 2016-16 is hereby **VACATED**." *Id*. ¶ 24.

The *CIC Servs., LLC* decision is significant for three reasons central to this matter. First, the decision is expressly states that the Sixth Circuit's ruling *Mann Constr., Inc.* is "binding." *Id*. ¶ 11. Second, it concludes that an IRS notice that fails to comply with the APA's notice-and-comment requirement is unlawful and must be set aside. *Id*. Third, an IRS notice is unlawful and must be set aside shall be vacated. *Id*. ¶ 24. These reasons should help guide this Court.

Moreover, just last year, this Court held:

The APA provides that when a reviewing court finds an agency action to be unlawful, the reviewing court "shall . . . set [that action] aside." 5 U.S.C. § 706(2). Accordingly, "[t]he ordinary practice is to vacate unlawful agency action." *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287, 441 U.S. App. D.C. 212 (D.C. Cir. 2019); *see also Dine Citizens Against Ruining Our Env't v. Bernhardt*, 923 F.3d 831, 859 (10th Cir. 2019) ("Vacatur of agency action is a common, and

often appropriate form of injunctive relief granted by district courts."), *reh'g denied* (June 24, 2019).

*Ackerman Bros. Farms, LLC v. United States Dep't of Agric.*, 2021 US Dist. LEXIS

247821 (E.D. MI 2021).

Most recently, the Middle District of Florida cited a litany of cases that require

vacatur to not just apply to the specific plaintiffs in a case, but all similarly situated

parties when holding:

> The APA requires that courts "hold unlawful and set aside agency action" that violates the APA or exceeds the agency's authority. 5 U.S.C. § 706. Courts have long interpreted this provision as authorizing vacatur. Indeed, "vacatur . . . is the ordinary APA remedy." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1290 (11th Cir. 2015) (quotation omitted); *accord Allina Health Servs.*, 746 F.3d at 1110 (describing vacatur as "the normal remedy" for an APA violation); *Advocs. for Highway & Auto Safety*, 429 F.3d at 1151 ("[U]nsupported agency action normally warrants vacatur . . . ."). Some judges even reason that the APA mandates vacatur and permits of no other, lesser remedy. *See Checkosky v. SEC*, 23 F.3d 452, 492, 306 U.S. App. D.C. 144 (D.C. Cir. 1994) (Randolph, J., separate opinion) ("[O]ur decisions uniformly—and quite firmly—hold that § 706[] requires us to vacate . . . ."); *accord Milk Train, Inc. v. Veneman*, 310 F.3d 747, 757, 354 U.S. App. D.C. 25 (D.C. Cir. 2002) (Sentelle, J., dissenting) (explaining that remand to the agency without vacatur violates the APA). And vacatur ordinarily applies to the rule generally, not to just the plaintiffs in a suit. *See Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409, 330 U.S. App. D.C. 329 (D.C. Cir. 1998) ("[W]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21, 278 U.S. App. D.C. 382 (D.C. Cir. 1989))); *see also Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2351 n.8, 207 L. Ed. 2d 784 (2020) (explaining that, when "a provision [of law] is declared invalid[,]" the invalid provision

"cannot be lawfully enforced against others"—not just "against the plaintiff").

*Health Freedom Def. Fund, Inc. v. Biden*, 2022 US Dist LEXIS 71206 at *59-60 (M.D. FL 2022).

Based on the foregoing, the Sixth Circuit's mandate to "set aside" Notice 2007-83 is directing this Court to VACATE the Notice. As such, Plaintiffs respectfully request that this Court enforce the Sixth Circuit's mandate and VACATE Notice 2007-83.

**B.    Plaintiffs Are Entitled to Refunds of All § 6707A Penalties for 2013 and Rescission of All § 6707A Penalties Imposed on Plaintiffs in Each of the Years 2014-2017**

Plaintiffs' Complaint requests a refund of all § 6707A penalties paid for tax year 2013 and a rescission of § 6707A penalties for tax years 2014-2017 (or a refund of same if previously paid). One basis for the relief requested was that Notice 2007-83 was unlawful, and must be set aside for failing to comply with the notice and comment provisions of the APA. The Sixth Circuit agreed Notice 2007-83 must be set aside.

The IRS assessed § 6707A penalties against Plaintiffs for failure to disclose its participation in a purported listed transaction. The sole basis for the § 6707A penalties was Notice 2007-83. Plaintiffs each paid these § 6707A penalties for tax year 2013 and requested a refund, and with resepct to the other years, Plaintiffs simply requested a rescission of the penalties (however, during the pendency of this

case, the IRS seized certain of the Plaintiffs assets to pay the alleged amount owed). Because the Sixth Circuit set aside and vacated Notice 2007-83, it is a nullity and any action taken by Defendants relying Notice 2007-83 is set aside as unlawful. It is for this reason that the Sixth Circuit uttered the final sentence of its decision: "In the absence of this Notice, we need not address the taxpayers' remaining claims."

Therefore, because the Sixth Circuit set aside Notice 2007-83, Plaintiffs are entitled to refunds of all § 6707A penalties paid for tax years 2013-2017 and any remaining alleged § 6707A penalties for these years should be rescinded.

## CONCLUSION

In order to enforce the Sixth Circuit's mandate, The Court should issue an order: (1) vacating and setting aside Notice 2007-83; (2) requiring Defendants issue a refund forthwith, together with interest, to each Plaintiff, respectively, for the § 6707A penalties paid for 2013; and (3) requiring Defendants to rescind § 6707A penalties imposed on Plaintiffs in each of the years 2014-2017 or, to the extent any of the Plaintiffs have already paid the § 6707A penalties for any of the years 2014-2017, Defendants are to issue a refund, together with interest, to each Plaintiff who has paid such penalty for any of those years.  Additionally this Court should order such further relief as set forth in Plaintiffs Motion for Attorneys' Fees (Doc. No. 52).

Respectfully submitted,

*/s/ Matthew C. Miller*
Walter A. Lucas (OH 0068150)
*WLucas@westonhurd.com*
Samuel J. Lauricia III (OH 0078158)
*SLauricia@westonhurd.com*
Matthew C. Miller (OH 0084977)
*MMiller@westonhurd.com*
**WESTON HURD LLP**
1300 E. 9th Street, Suite 1400
Cleveland, Ohio 44114
Phone:  216-241-6602; Fax:  216-641-8369
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's electronic filing system on June 8, 2022.

*/s/ Matthew C. Miller*
Matthew C. Miller (0084977)