UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

—————————————————————— X

MANN CONSTRUCTION, BROOK
WOOD, KIMBERLY WOOD, LEE
COUGHLIN, and DEBBIE COUGHLIN,

    *Plaintiffs,*

    v.

UNITED STATES OF AMERICA,

    *Defendant.*

—————————————————————— X

Case no. 1:20-cv-11307-TLL-PTM

**DEFENDANT UNITED STATES'S RESPONSE TO**
**<u>PLAINTIFFS' MOTION TO ENFORCE MANDATE</u>**

# **TABLE OF CONTENTS**

Concise Statement of the Issues Presented..........................................................................1

Controlling or Most Appropriate Authority for the Relief Sought ...................................2

Introduction ........................................................................................................................3

Background ..........................................................................................................................4

Analysis ...............................................................................................................................6

    I.    The Sixth Circuit reversed the judgment denying the refund, and so Plaintiffs are entitled to the cash refund they sought and only that relief........................6

        A.    The Sixth Circuit reversed the grant of summary judgment to the United States on the refund claim, so Plaintiffs are entitled to summary judgment on that claim.........................................................................................6

        B.    The parties did not brief the question of remedy because Plaintiffs sought only a cash refund, and so the Sixth Circuit was not asked to, and did not, order any other relief.............................................................................9

        C.    "Set aside" means Notice 2007-83 cannot be applied to Plaintiffs, and therefore they are entitled to the refund they sought, but nothing more..10

    II.    The law of the case doctrine prohibits Plaintiffs from resuscitating their forfeited claim for declaratory relief.................................................................14

        A.    With Plaintiffs' consent, their claims for declaratory and injunctive relief were dismissed. ...........................................................................................14

        B.    Plaintiffs cannot resuscitate their claims for non-monetary relief. .............15

    III.    Plaintiffs cannot seek nationwide relief when a cash refund fully remedies their injuries.............................................................................................................16

Conclusion.........................................................................................................................20

## CONCISE STATEMENT OF THE ISSUES PRESENTED

(1)     Whether the Sixth Circuit's reversal of the judgment on Plaintiffs' refund claim entitles Plaintiffs only to judgment on that claim, or whether the Sixth Circuit also intended that this Court award Plaintiffs additional relief that they did not seek.

(2)     Whether the law of the case doctrine prevents Plaintiffs from seeking non-monetary relief after this Court dismissed their claims for non-monetary relief, with their consent, and the United States relied on that dismissal.

(3)     Whether Plaintiffs can pursue nationwide relief despite their injuries being fully remedied by a cash refund.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY
## <u>FOR THE RELIEF SOUGHT</u>

(1)    As to whether the Sixth Circuit's reversal of the judgment on Plaintiffs'

refund claim entitles Plaintiffs only to judgment on that claim, or entitles them to

additional relief that they did not seek, the language of the Sixth Circuit's appellate

opinion and judgment, ECF No. 49 and *id.* at PDF page 15; *Arizona v. Biden*, 31 F.4th

469, 483 (6th Cir. 2022) (Sutton, C.J., concurring); *Tenn. Hosp. Ass'n v. Azar*, 908 F.3d

1029, 1042 (6th Cir. 2018); and *Skyworks, Ltd. v. Ctrs. for Disease Control & Prevention*,

542 F. Supp. 3d 719, 735 (N.D. Ohio 2021).

(2)    As to whether the law of the case doctrine prevents Plaintiffs from

seeking non-monetary relief after this Court dismissed their claims for non-monetary

relief, with their consent, and the United States relied on that dismissal, *Howe v. City of

Akron*, 801 F.3d 718, 739 (6th Cir. 2015) and *Hayden v. Rhode Island*, 13 F. App'x 301,

302 (6th Cir. 2001).

(3)    As to whether Plaintiffs can pursue nationwide relief despite that their

injuries are fully remedied by a cash refund, *TransUnion LLC v. Ramirez*, 141 S. Ct.

2190, 2208 (2021).

# **INTRODUCTION**

Although the Court previously dismissed Plaintiffs' claims for declaratory and injunctive relief with Plaintiffs' consent, and although the United States thereafter litigated this case in reliance on that order, Plaintiffs now ask the Court to issue a declaratory judgment vacating Notice 2007-83 and declaring it unenforceable nationwide.  Plaintiffs apparently contend that this result is compelled by a phrase in the Sixth Circuit's opinion, that Notice 2007-83 "must be set aside," as required by the Administrative Procedure Act.  But as Chief Judge Sutton, the author of that opinion, recently observed:  "Use of the 'setting aside' language does not seem to tell us one way or another whether to nullify illegal administrative action or not to enforce it in the case with the named litigants." *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, C.J., concurring).  In fact, the Sixth Circuit's opinion itself shows that "set aside" in this context means that the Notice must be set aside as to these Plaintiffs – that is, it cannot be enforced against them and so they are entitled to the refund they sought.  The Sixth Circuit described this case as a suit for a refund of penalties paid.  And that refund – the remedy Plaintiffs have always claimed they were after – completely remedies the harms that they allege.  Plaintiffs consented to the dismissal of all claims except for their claim for monetary relief, and there is no reason to revisit that ruling – Plaintiffs should be awarded a monetary judgment, which would provide them with complete relief.  Given the procedural history and controlling law, Plaintiffs are not entitled to any additional remedy.

## <u>BACKGROUND</u>

Plaintiffs originally sought declaratory and injunctive relief in addition to a tax refund. Plaintiffs' Complaint sought an order setting aside Notice 2007-83 and declaring it unlawful; an order declaring it inapplicable to their transaction; a refund of tax penalties paid; an order requiring the IRS to abate other penalties; and other relief, including attorneys' fees. ECF No. 1, PageID.29.

However, following a meet-and-confer in advance of the United States' motion to dismiss, Plaintiffs agreed to the dismissal of all of their claims other than the claim for monetary relief. *See* Ex. A (email chain with Plaintiffs' counsel). Specifically, "Plaintiffs agreed that their Complaint was not intended to seek an injunction against the IRS or a declaratory judgment that would bind the IRS as to other taxpayers. Accordingly, Plaintiffs concur in this motion to the extent that it moves to dismiss any claim for injunctive or declaratory relief." *Id.*[1]

This Court then dismissed those claims: "Plaintiffs concurred in the dismissal of any claim for injunctive or declaratory relief, so the only claim for relief remaining is a judgment awarding damages in the amount of the 6707A penalty assessed for TY 2013." ECF No. 22, PageID.243. Plaintiffs sought reconsideration of this order, but

---

[1] Despite this plain statement that Plaintiffs consented to dismissal of any claim for injunctive or declaratory relief, Plaintiffs, in their reply brief for their attorneys' fees motion, have flatly denied to the Court that they made this statement: "Plaintiffs <u>never</u> consented to dismiss any of their claims." ECF No. 57, PageID.803.

not on that ground, ECF No. 23, and never contended that the Court's statement was inaccurate.

The United States litigated this case in reliance on the dismissal of Plaintiffs' claims for non-monetary relief.  The United States did not raise other defenses that would have been available if Plaintiffs' claims for non-monetary relief had not been dismissed (for example, that there is another remedy – a refund suit – that makes APA review unavailable as per 5 U.S.C. § 704).  Further, the United States did not brief the scope of remedies at any time, based on this Court's Order that only monetary penalties were at issue.  Had Plaintiffs maintained any claim for other relief, the United States could have briefed the issue of whether these other remedies would be appropriate.

This Court awarded the United States summary judgment on the remaining claim, for a tax refund.  ECF Nos. 45 and 46.  However, the Sixth Circuit reversed. The Sixth Circuit observed that Plaintiffs "sued the federal government to recover the penalties" they had paid.  ECF No. 49 at PDF page 5.  After discussing the merits, the Circuit held that the IRS issued Notice 2007-83 in violation of the Administrative Procedure Act, and therefore "we must set it aside."  ECF No. 49 at PDF page 14. The Sixth Circuit's judgment reads:  "IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED."  ECF No. 49 at PDF page 15.

In reliance on the dismissal of Plaintiffs' claims other than their claim for a money judgment and on the Sixth Circuit's description of the case as a suit to recover penalties, the United States determined not to pursue further review of the decision. Instead, the United States proposed to pay Plaintiffs the refund they sought.

But once the United States' time to seek further review expired, Plaintiffs revealed that they intended to revisit their dismissed declaratory judgment claim. Plaintiffs now seek a declaratory judgment: a declaration that Notice 2007-83 is unlawful and an order instructing the IRS to abate unpaid tax penalties. Plaintiffs claim that they are entitled to this relief, notwithstanding that they consented to the dismissal of their claims for non-monetary relief, because of the sentence in the opinion that states "we must set [Notice 2007-83] aside."

## ANALYSIS

I.   **The Sixth Circuit reversed the judgment denying the refund, and so Plaintiffs are entitled to the cash refund they sought and only that relief.**

    A.   **The Sixth Circuit reversed the grant of summary judgment to the United States on the refund claim, so Plaintiffs are entitled to summary judgment on that claim.**

An analysis of the relief the Sixth Circuit ordered should begin with an examination of the issue before the Sixth Circuit and the words the Sixth Circuit used in addressing that issue. This Court dismissed Plaintiffs' claims for declaratory and injunctive relief, with Plaintiffs' consent, leaving only Plaintiffs' claim for a refund.

ECF No. 22.  This Court then granted the United States summary judgment on the refund claim.  ECF No. 45.

Consistent with this history, the Sixth Circuit understood Plaintiffs to be seeking a tax refund.  The opinion describes this case:  "There [in federal court], in 2020, the taxpayers sued the federal government to recover the penalties."  ECF No. 49 at PDF page 5.  The opinion then cites 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a), the statutes that provide jurisdiction for the federal courts to hear cases seeking tax refunds.  *Id.*

The Sixth Circuit reversed this Court's award of judgment in favor of the United States on that refund claim.  ECF No. 49 at PDF page 15.  The effect of the reversal is to award judgment to Plaintiffs on that claim.

Had the Sixth Circuit intended to do anything more than reverse the judgment, it would have said so.  The Circuit frequently vacates opinions and remands with instructions to issue different orders.  *See, e.g., Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) (vacating and remanding for further proceedings); *Gun Owners of Am. v. U.S. Dep't of Just.*, No. 21-1131, 2021 WL 5194078, at *5 (6th Cir. Nov. 9, 2021) (same); *Card v. Principal Life Ins. Co.*, 17 F.4th 620, 626 (6th Cir. 2021) (same); *Louisville Gas & Elec. Co. v. FERC*, 988 F.3d 841, 851 (6th Cir. 2021) (same); *Kentucky Waterways All. v. Johnson*, 540 F.3d 466, 490 (6th Cir. 2008) (reversing in part, vacating

agency decision, and remanding to agency).  *See also Potter v. Comm'r of Soc. Sec.*, 9 F.4th

369, 381 (6th Cir. 2021) (reversing dismissals and remanding for further proceedings).

This Court awarded the United States summary judgment on the refund claim,

and so the effect of reversing is that Plaintiffs, not the United States, are entitled to

judgment on the refund claim.  The Sixth Circuit did not remand with instructions to

issue additional orders.  It did not direct this Court to vacate Notice 2007-83 or to

award any other declaratory relief.  It did not reverse this Court's dismissal of

Plaintiffs' claim for declaratory judgment.  Nor did it remand for consideration of

remedies or other further proceedings.  It had no reason to do so – the Sixth Circuit

understood Plaintiffs' suit as seeking only a cash refund, consistent with Plaintiffs'

agreement and with this Court's order.  And the Sixth Circuit directed this Court to

enter judgment in favor of Plaintiffs on that claim.  That entry resolves this case.[2]

---

[2] The United States does not contest that Plaintiffs would also be entitled to any relief
the Court awards in connection with their motion for attorneys' fees, ECF No. 52,
although for the reasons described in the United States' response, ECF No. 55, that
motion is meritless.  Plaintiffs' counsel's attempt to obtain nationwide vacatur, even
though Plaintiffs' injury is fully remedied by a cash refund, is further evidence that
Plaintiffs' counsel are litigating to protect the interests of persons other than their
clients and therefore are not entitled to seek their fees in this matter from the United
States.  *See* ECF No. 55 at PageID.785-786 (discussing bar on seeking fees not
properly charged to clients).

**B.** **The parties did not brief the question of remedy because Plaintiffs sought only a cash refund, and so the Sixth Circuit was not asked to, and did not, order any other relief.**

The Sixth Circuit did not address the question of remedy because Plaintiffs had represented that they were seeking only a refund and therefore the parties did not brief remedies. On the contrary, the Sixth Circuit described this case as a suit "to recover the penalties." ECF No. 49 at PDF page 5. "'The question actually before the Court is investigated with care, and considered in its full extent.'" *Wright v. Spaulding*, 939 F.3d 695, 701 (6th Cir. 2019) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399 (1821)). The Sixth Circuit answered the question that it was asked: Are Plaintiffs entitled to recover the penalties they paid? Plaintiffs had not sought, and the Sixth Circuit did not consider whether they were entitled to, other relief.

Plaintiffs apparently contend that the Sixth Circuit granted relief that Plaintiffs did not request and that the defendant did not anticipate, and that the Circuit did so silently, without observing that it was doing so, without using the word "vacate," and without directing this Court to enter any such order. And the Circuit did so despite characterizing the suit as intended "to recover the penalties" Plaintiffs paid and observing that the suit was brought under the tax refund statute, 26 U.S.C. § 7422(a) (the title of which is "Civil actions for refund"). Plaintiffs' contention is simply inconsistent with the Circuit's opinion.

### C.   "Set aside" means Notice 2007-83 cannot be applied to Plaintiffs, and therefore they are entitled to the refund they sought, but nothing more.

Plaintiffs' argument appears to be that the words "set aside" require nationwide vacatur, but Chief Judge Sutton, the author of the appellate opinion in this case, has rejected that argument and observed that the "set aside" language is better understood as ordering that the rule does not apply beyond the plaintiff.  As Chief Judge Sutton observed in an opinion issued shortly after the appellate opinion in this case:  "The Administrative Procedure Act, it is true, says that a reviewing court may 'hold unlawful and set aside' agency actions that violate the law.  But that raises a question; it does not answer it.  The question is whether Congress meant to upset the bedrock practice of case-by-case judgments with respect to the parties in each case or create a new and far-reaching power through this unremarkable language." *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, C.J., concurring) (quoting 5 U.S.C. § 706(2)). Following a careful analysis, Chief Judge Sutton concluded:  "Use of the 'setting aside' language does not seem to tell us one way or another whether to nullify illegal administrative action or not to enforce it in the case with the named litigants.  For that reason, I would be inclined to stand by the long-understood view of equity – that courts issue judgments that bind the parties in each case over whom they have personal jurisdiction." *Id.*  Plaintiffs' argument – that the words "set aside" require nationwide vacatur – is simply inconsistent with Chief Judge Sutton's analysis of that term.

Indeed, the Sixth Circuit's opinion in this matter cites a case, in explaining "set aside," that applied its ruling only to the parties to the case – exactly the approach described by Chief Judge Sutton.  In the appellate opinion, the Sixth Circuit explained: "Courts must 'set aside' agency actions that fail to follow [the APA's] requirements.  5 U.S.C. § 706(2)(D); *see Tenn. Hosp. Ass'n v. Azar*, 908 F.3d 1029, 1042 (6th Cir. 2018)." ECF No. 49 at PDF page 6.  The opinion thus cites *Tennessee Hospital* to explain the meaning of "set aside."  In *Tennessee Hospital*, the Sixth Circuit affirmed the district court's ruling that a Medicare rule was improperly promulgated without notice-and-comment rulemaking.  908 F.3d at 1045-46.  But the Sixth Circuit did not remand with instructions to vacate the rule.  On the contrary, the Sixth Circuit directed the District Court to enjoin the operation of the rule specifically as to those plaintiffs: "We therefore AFFIRM the district court's grant of summary judgment . . . and we REMAND this case to the district court with instructions to permanently enjoin defendants from enforcing [the rule] ***against plaintiffs***."  *Id.* at 1047 (emphasis added).

A district court in this circuit recently examined the history and structure of the Administrative Procedure Act in detail to determine whether the "set aside" language requires nationwide vacatur and concluded, like Chief Judge Sutton in *Arizona*, that it does not.  In *Skyworks, Ltd. v. Ctrs. for Disease Control & Prevention*, 542 F. Supp. 3d 719, 735 (N.D. Ohio 2021), the court had previously declared that the CDC's eviction

moratorium exceeded its statutory authority, and the plaintiff sought to clarify whether that ruling was effective nationally, within the district, or only as to the parties. *Id.* at 721-22. The court observed that the statutory text, "hold unlawful and set aside agency action," 5 U.S.C. § 706, "begs the question as to whom the agency action shall be set aside – only the parties, all affected by the agency action, or some group in between, perhaps one limited by the geographic limits of the Court's jurisdiction." *Id.* at 729. Observing that "the lack of a firm foundation for nationwide vacatur in the language, structure, and history of the Administrative Procedure Act is striking," *id.* at 735, the court concluded that given the uncertainty in the law, it would confine its order to the parties to the case. *Id.* at 736; *see Mayor & City Council of Baltimore v. Azar*, No. 19-cv-1103, 2020 WL 1873947, at *4 (D. Md. Apr. 15, 2020) ("[T]he APA does not require a reviewing court vacating a rule to do so on a nationwide basis."); *cf. Biggs v. Quicken Loans, Inc.*, 990 F. Supp. 2d 780, 784-85 (E.D. Mich. 2014) ("[T]he precedent and practice of federal judicial review of agency action strongly suggests that such review proceeds on a circuit-by-circuit basis, just as judicial review of an ordinary statute would.").

These cases and *Tennessee Hospital* demonstrate that the Sixth Circuit and other courts do not understand "set aside" to require nationwide vacatur.[3] On the contrary,

---

[3] Some academics have reached a similar conclusion. *See, e.g.,* John Harrison, *Section 706 of the Administrative Procedure Act Does Not Call for Universal Injunctions or Other Universal Remedies*, 37 Yale J. Reg. Bulletin 37, 42-46 (2020).

the phrase encompasses a range of remedies – a rule can be set aside just as to the parties, as in *Tennessee Hospital* and *Skyworks*; or set aside as to all persons in a given jurisdiction, as in *Mayor of Baltimore*; or, arguably, nationwide.  And given the ongoing state of jurisprudence in this area, the differing views expressed by different courts, *cf. Nat'l Mining Assoc. v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (refusing to limit vacatur to individual petitioners), and Chief Judge Sutton's concurring opinion in *Arizona*, it stretches belief to conclude that the Sixth Circuit intended to short-circuit this question entirely and order nationwide vacatur without discussion and without briefing.  As Chief Judge Sutton observed:  "Use of the 'setting aside' language does not seem to tell us one way or another whether to nullify illegal administrative action or not to enforce it in the case with the named litigants." *Arizona*, 31 F.4th at 484 (Sutton, C.J., concurring).  Plaintiffs ask this Court to read "set aside" in the opinion to mean, unambiguously, that the Notice must be vacated nationwide, but the author of the opinion did not understand the term that way.

On the contrary, given that the opinion cites *Tennessee Hospital* to explain "set aside," the most natural reading of the opinion is that the Circuit ordered the relief that they characterized Plaintiffs as seeking, the relief prescribed in *Tennessee Hospital,* and the relief prescribed by Chief Judge Sutton's concurrence in *Arizona* – that the Notice cannot be applied to Plaintiffs and so Plaintiffs are entitled to "recover the penalties" they paid – nothing more.

## II.   The law of the case doctrine prohibits Plaintiffs from resuscitating their forfeited claim for declaratory relief.

Plaintiffs' claims for non-monetary relief were dismissed with Plaintiffs'

consent, and the law of the case doctrine bars their attempt to resuscitate them.  "The

doctrine of law of the case provides that the courts should not 'reconsider a matter

once resolved in a continuing proceeding.'"  *Howe v. City of Akron*, 801 F.3d 718, 739

(6th Cir. 2015) (quoting 18B Wright & Miller, *Federal Practice and Procedure* § 4478 (4th

ed. 2015)).  Thus, "issues, once decided, should be reopened only in extraordinary

circumstances." *Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) (citing

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).  The doctrine "thus

promotes judicial efficiency by prohibiting parties from indefinitely relitigating the

same issue that a court resolved in an earlier part of the case." *Samons v. Nat'l Mines*

*Corp.*, 25 F.4th 455, 463 (6th Cir. 2022) (citing *Christianson*, 486 U.S. at 816).

### A.   With Plaintiffs' consent, their claims for declaratory and injunctive relief were dismissed.

With Plaintiffs' consent, this Court dismissed all of Plaintiffs' claims other than

their claim for a monetary judgment.  ECF No. 22, PageID.243.  Plaintiffs explicitly

agreed "that their Complaint was not intended to seek an injunction against the IRS

or a declaratory judgment that would bind the IRS as to other taxpayers," and so they

agreed:  "Plaintiffs concur in [the United States' motion to dismiss] to the extent that

it moves to dismiss any claim for injunctive or declaratory relief."  Ex. A.  This Court

accordingly dismissed those claims:  "Plaintiffs concurred in the dismissal of any claim

for injunctive or declaratory relief, so the only claim for relief remaining is a judgment awarding damages in the amount of the 6707A penalty assessed for TY 2013."  ECF No. 22, PageID.243.

As discussed above, the United States relied on the dismissal of Plaintiffs' claims for all relief other than a tax refund.  Based on the dismissal, the United States did not brief certain defenses or the question of remedies.  The United States had no reason to do so – Plaintiffs' only claim was for a refund, and they were not seeking a judgment "that would bind the IRS as to other taxpayers."  Ex. A.  *Cf. Ctr. for Biological Diversity v. Jewell*, No. 14-cv-2506, 2017 WL 8788052, at *3 (D. Ariz. Oct. 25, 2017) ("Federal Defendants were on notice that Plaintiffs were requesting vacatur of the policy, and they had ample opportunity to respond to that request.").

### B.  Plaintiffs cannot resuscitate their claims for non-monetary relief.

The law of the case doctrine bars Plaintiffs from relitigating their claims for non-monetary relief because those claims have already been resolved – they were dismissed based on Plaintiffs' agreement that they were not seeking a judgment "that would bind the IRS as to other taxpayers."  Now, with the Sixth Circuit's opinion finalized and the United States' time to seek further review having lapsed, Plaintiffs suddenly ask this Court to order that "[t]he entire Notice is set aside everywhere and as to everyone."  ECF No. 53, PageID.762.  But the law of the case doctrine bars Plaintiffs from subverting the Court's prior order in this manner.  If Plaintiffs wanted to challenge the dismissal of their claims for non-monetary relief, they could have

appealed that dismissal.  "'The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not.'"  *Burley v. Gagacki*, 834 F.3d 606, 619 (6th Cir. 2016) (quoting *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997)).  And while the doctrine is discretionary and does not apply in "extraordinary circumstances," Plaintiffs have not attempted to identify circumstances that would justify allowing them to revisit the dismissal of their claims for non-monetary relief.  Plaintiffs' attempt to both whipsaw the United States and obtain far-reaching relief without having to litigate their right to that relief should be rejected.

## III.   Plaintiffs cannot seek nationwide relief when a cash refund fully remedies their injuries.

Plaintiffs are entitled to complete relief, but they do not have standing to seek a remedy that would not redress any injury they suffered.  Plaintiffs' harm is that they paid tax penalties that were improperly assessed.  A refund of those penalties, with interest, fully remediates that harm.[4]  Plaintiffs have no continuing or nationwide interest in Notice 2007-83, and thus nationwide vacatur is inappropriate.  "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018) (citation omitted).  Plaintiffs have not even alleged any interest in engaging in other employee benefit/life insurance transactions

---

[4] Plaintiffs also seek an order directing the IRS to abate other tax penalties, but the IRS has already begun the process of abating those penalties, mooting this request.

described by Notice 2007-83.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8

(1983) ("It is the *reality* of the threat of repeated injury that is relevant to the standing

inquiry, not the plaintiff's subjective apprehensions.").  And even if they had, and

even if that allegation were more than speculative, they would still have no need for

relief in other jurisdictions.  Nationwide vacatur is not necessary to redress any injury

they have suffered or could suffer from the Notice.  (Plaintiffs rely on *Health Freedom*

*Defense Fund, Inc. v. Biden*, --- F. Supp. 3d ---, No. 8:21-cv-1693, 2022 WL 1134138

(M.D. Fla. Apr. 18, 2022), *appeal filed*, but in that case, the court determined that

"complete vacatur . . . is necessary to remedy Plaintiffs' injury."  *Id.* at *22.  Plaintiffs

have not even attempted any such argument here.)

Plaintiffs thus lack standing to seek nationwide vacatur of Notice 2007-83.

"[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for

each claim they press and for each form of relief that they seek (for example,

injunctive relief and damages)."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208

(2021) (citations omitted).  Plaintiffs have standing to seek a refund of the penalties

they paid, but because money damages fully remedy the harms they alleged, they lack

standing to seek a nationwide remedy.  "When a district court orders the government

not to enforce a rule against the plaintiffs in the case before it, the court redresses the

injury that gives rise to its jurisdiction in the first place.  But when a court goes further

than that, ordering the government to take (or not take) some action with respect to

those who are strangers to the suit, it is hard to see how the court could still be acting in the judicial role of resolving cases and controversies." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring); *see Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009) (holding that plaintiff lacks standing to challenge rule once injury-in-fact had been remedied by settlement because allowing challenge "apart from any concrete application that threatens imminent harm to [plaintiff's] interests" would "fly in the face of Article III's injury-in-fact requirement.").[5]

While nationwide vacatur would not aid these particular Plaintiffs, it would prevent other circuits from considering the legality of the Notice. *See Arizona*, 31 F.4th at 483 (Sutton, C.J., concurring) ("I am not the first to question nationwide (or universal) injunctions (or remedies) that bar the federal government from enforcing a law or regulation anywhere and against anyone.") (citations omitted); *see id.* at 484 (observing that nationwide injunctions "short-circuit the decisionmaking benefits of having different courts weigh in on vexing questions of law and allowing the best ideas to percolate to the top."); *CASA de Maryland v. Trump*, 971 F.3d 220, 261 (4th Cir. 2020) (discussing "[t]he doctrine of intercircuit nonacquiescence, which permits executive branch officials to continue enforcing a policy outside of a circuit in which

---

[5] Plaintiffs raise various allegations about the IRS's compliance with law, but it is bedrock standing doctrine that a plaintiff's desire to compel agency compliance with law does not form a case or controversy, no matter how sincere the plaintiff's interest. *Carney v. Adams*, 141 S. Ct. 493, 499 (2020); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106-07 (1998); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992).

it has been invalidated") (vacated on other grounds); *L.A. Haven Hospice v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011) (affirming that rule was invalid but vacating nationwide injunction and noting that "nationwide injunctive relief may be inappropriate where a regulatory challenge involves important or difficult questions of law, which might benefit from development in different factual contexts and in multiple decisions by the various courts of appeals") (citations omitted); *Mayor & City Council of Baltimore*, 2020 WL 1873947, at *6 (declining to order nationwide vacatur where "Baltimore City has never previously sought nationwide relief" and vacating the rule only in Maryland "is both practical and reasonable to afford the City complete relief.").

The United States recognizes that the Sixth Circuit's opinion in this case resolves whether the IRS was required to use notice-and-comment rulemaking when issuing Notice 2007-83 in this circuit. But the United States intends to continue litigating that issue in other circuits. By seeking nationwide vacatur, rather than just a cash refund, Plaintiffs' counsel seeks to prevent other courts from ruling on the issue. This is improper; other litigants are free to present the appellate opinion here as persuasive authority, but counsel's attempt to achieve a nationwide victory in this Court should be rejected.

## **CONCLUSION**

The Sixth Circuit's opinion describes this case as a suit under the tax refund statute to "recover the penalties" that Plaintiffs paid.  The Circuit reversed this Court's grant of judgment in favor of the United States, and Plaintiffs are therefore entitled to a refund of those penalties.  At the start of this case, Plaintiffs consented to the dismissal of their claims for declaratory and injunctive relief, and this Court dismissed those claims, leaving only a claim for monetary relief.  In reliance on that dismissal, the United States did not brief procedural defenses or the question of other remedies.  Having won the substantive issue, Plaintiffs now attempt to disregard the Court's dismissal of those claims and seek the very relief they agreed to forgo.  But Plaintiffs' argument – that "set aside" unambiguously means "nationwide vacatur" – is inconsistent with Chief Judge Sutton's analysis of that language:  "Use of the 'setting aside' language does not seem to tell us one way or another whether to nullify illegal administrative action or not to enforce it in the case with the named litigants."  *Arizona*, 31 F.4th at 484 (Sutton, C.J., concurring).  Chief Judge Sutton concludes, as have other courts, that the better reading of "set aside" is that the rule cannot be applied to the plaintiffs.  Plaintiffs are entitled to the relief that the Sixth Circuit described them as seeking – a money judgment.  That is the relief Plaintiffs claimed they were seeking, that is the relief that will remedy their injury, and that is the only relief to which they are entitled.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/  Arie M. Rubenstein*
Trial Attorney, Tax Division
Department of Justice
P.O. Box 55
Washington, D.C.  20044
tel: (202) 305-5926
fax: (202) 514-5238
Arie.M.Rubenstein@usdoj.gov