UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MANN CONSTRUCTION, INC. et al.,

        Plaintiffs,    Case No. 1:20-cv-11307

v.    Honorable Thomas L. Ludington
    United States District Judge

UNITED STATES OF AMERICA,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE MANDATE OF COURT OF APPEALS AND SETTING ASIDE IRS NOTICE 2007-83**

In 2019, the Internal Revenue Service imposed penalties on Plaintiffs for failing to disclose their participation in an employee-benefit trust in violation of an agency regulation. Plaintiffs sued the Federal Government to recover the penalties they paid, alleging that the IRS did not comply with the required notice-and-comment procedures of the Administrative Procedure Act.

On appeal, the Sixth Circuit Court of Appeals held that Congress had not expressly excepted the IRS from the notice-and-comment procedures of the APA for promulgating legislative rules. Accordingly, the Sixth Circuit concluded that the Notice must be set aside.

The sole question presented is whether, in light of the Sixth Circuit's decision, the relevant IRS notice must be set aside under § 705 of the APA.

**I.**

The Sixth Circuit Court of Appeals aptly summarized the facts of this case as follows:

> In collecting federal taxes, the Internal Revenue Service uses a "system of self-reporting." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975). Much as there may not be "a patriotic duty to increase one's taxes" under that system, *Helvering v. Gregory*, 69 F.2d 809, 810 (2d Cir. 1934), there is a duty to report all of the financial information that Congress requires.

Congress delegated power to the Secretary of the Treasury, who, through the IRS, requires taxpayers to submit information needed to assess and collect taxes. *See* 26 U.S.C. § 6011; *see also id.* § 7701(a)(11)(B). This information-gathering imperative allows the government to ensure compliance with tax provisions and ferret out improper tax avoidance.

In 2004, Congress added 26 U.S.C. § 6707A to the IRS's arsenal of tools for identifying tax avoidance schemes. Designed to shed light on potentially illegal tax shelters, § 6707A permits the IRS to penalize the failure to provide information concerning "reportable" and "listed" transactions.

A "reportable transaction" is one that has the "potential for [illegal] tax avoidance or evasion." *Id.* § 6707A(c)(1). A "listed transaction" is one that "is the same as, or substantially similar to, a transaction" that the IRS has identified as a "tax avoidance transaction." *Id.* § 6707A(c)(2). The statute authorizes monetary penalties and criminal sanctions for noncompliance with these reporting requirements. *Id.* §§ 6707A(b), 7203.

Today's dispute centers on a listed transaction. In 2007, the IRS issued Notice 2007-83, entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits." 2007-2 C.B. 960. The Notice designates certain employee-benefit plans featuring cash-value life insurance policies as listed transactions. A cash-value life insurance policy combines life insurance coverage with a cash-value investment account. As the IRS saw it, these transactions run the risk of allowing small business owners to receive cash and other property from the business "on a tax-favored basis." *Id.*

Brook Wood and Lee Coughlin collectively own Mann Construction, which is based in Michigan. The company provides general contracting, construction management, and similar services.

From 2013 to 2017, Mann Construction established an employee-benefit trust that paid the premiums on a cash-value life insurance policy benefitting Wood and Coughlin. The company deducted these expenses, while Wood and Coughlin reported as income part of the insurance policy's value. Neither the individuals nor the company reported this arrangement to the IRS as a listed transaction.

In 2019, the IRS concluded that this structure fit the description identified in Notice 2007-83. The agency imposed penalties on the company ($10,000) and both of its shareholders ($8,642 and $7,794) for failing to disclose their participation in the trust. All three paid the penalties for the 2013 tax year and sought administrative refunds, claiming the IRS lacked authority to penalize them. When the administrative process for challenging the penalties left the taxpayers empty-handed, they turned to federal court.

There, in 2020, the taxpayers sued the federal government to recover the penalties. *See* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a). They challenged the validity of the Notice and penalties on four grounds: (1) the Notice failed to comply with the notice-and-comment requirements of the Administrative Procedure Act; (2) it constituted unauthorized agency action; (3) it was arbitrary and capricious; and (4) even if the Notice was valid, the arrangement at issue did not fall within its scope.

*Mann Constr. v. United States*, 27 F.4th 1138, 1141–42 (6th Cir. 2022).

In May 2021, this Court granted Defendant's motion for summary judgment, holding that Congress authorized the IRS to promulgate the regulation without notice and comment. *Id.* This Court determined that "the text, structure, and history of § 6707A and related Treasury regulations express[ed Congress's] clear intent that the APA notice and comment procedures need not be followed," *Mann Constr. v. United States*, 539 F. Supp. 3d 745, 760 (E.D. Mich. 2021) (noting that Congress passed § 6707A after "IRS officials came and sat before Congress and asked for penalties to enforce their new reporting regime").

Plaintiffs appealed, and the Sixth Circuit reversed this Court's order. *Mann Constr.*, 27 F.4th at 1144–48 (holding that IRS Notice 2007-83 must be set aside because the IRS promulgated it without the requisite notice and comment). The Sixth Circuit reasoned that, because § 6707A "addresses a 'which transactions' question, not a 'what process' question," it did not expressly exclude IRS Notice 2007-83 from the APA's notice-and-comment requirements. *Id.* at 1146–47.

Three months after the remand, Plaintiffs filed a motion to enforce the Sixth Circuit's mandate, seeking an order that (1) vacates and sets aside IRS Notice 2007-83; (2) requires Defendants refund each Plaintiff, with interest, the penalties they paid; and (3) requires Defendant to rescind the penalties imposed on Plaintiffs in later years. ECF No. 53 at PageID.757–58.

In October 2022, Defendant filed a notice that "all penalties and interest at issue in this action have been refunded or abated, as applicable," ECF No. 67 at PageID.873, which Plaintiff corroborated at a November 8, 2022 status conference, ECF No. 68.

Thus, Plaintiffs' only remaining request not expressly addressed by the Sixth Circuit is whether to vacate and to set aside IRS Notice 2007-83.

## II.

"The APA establishes the procedures federal administrative agencies use for 'rule making,' defined as the process of 'formulating, amending, or repealing a rule.'" *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 95 (2015) (citing 5 U.S.C. § 551(5)). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

The APA requires federal courts to set aside unlawful agency action. *Id.* § 706(2)(D) ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law . . . ."). The Sixth Circuit expressly acknowledged this obligation when it stated that "[b]ecause the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, *we must set it aside*." *Mann Construction v. United* States, 27 F.4th 1138, 1143 (emphasis added).

Unlike most cases that come before a district court, "in which courts determine whether the *application* of a law to the named plaintiffs is lawful, the APA tasks courts with determining whether the rule *itself* is lawful." *Texas v. United States*, No. 6:21-CV-00016, 2022 WL 2109204, at *46 (S.D. Tex. June 10, 2022), *cert. granted before j.*, 143 S. Ct. 51 (2022). So the "setting aside" or vacatur of an unlawful agency action is not limited to the named plaintiffs. *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (citing *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)); *see also* Mila Sohoni, *The Power to Vacate a Rule*, 88 Geo. Wash. L. Rev. 1121, 1173 (2020) ("The term 'set aside' means invalidation—and an invalid rule may not be applied to anyone.").

In sum, if an agency action violates the APA, "then the court should invalidate the challenged action." Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 7 (2022).

### III.

Plaintiffs seek an order vacating and setting aside IRS Notice 2007-83 under 5 U.S.C. § 706(2).

Defendants advance three arguments in contest: (1) because the Sixth Circuit reversed this Court's judgment denying the refund, Plaintiffs are entitled to *only* that relief; (2) the law-of-the-case doctrine prohibits Plaintiffs from "resuscitating" their "forfeited claim for declaratory relief;" and (3) Plaintiffs cannot seek "nationwide relief" when the cash refund remedies their injury. *See generally* ECF No. 59.

But the APA's text belies Defendant's arguments. The APA *requires* reviewing courts to "set aside" or to vacate any unlawful regulation. 5 U.S.C. § 706(2); *see also United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action."). This vacatur requirement exists regardless of whether Plaintiffs seek it. Thus, even if Plaintiffs "forfeited" their claim for declaratory relief, this Court may not ignore the edict of Congress: that is, that courts "shall" set aside any rule passed without notice and comment that Congress did not expressly exclude from the notice-and-comment requirements. 5 U.S.C. § 706(2).

Defendant adds concerns about how setting aside IRS Notice 2007-83 is an impermissible nationwide injunction. True, "district courts should think twice—and perhaps twice again—before

granting universal *anti-enforcement injunctions* against the federal government." *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, C.J., concurring) (emphasis added).[1]

But, despite *appearing* to have the same effect, APA vacatur is not a nationwide injunction, and there is no binding precedent in *any* circuit holding that the vacatur of administrative action under the APA applies to *only* the parties.

Although injunctions are rooted in equity, APA vacaturs are actions at law. *See Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) ("Our cases have long recognized the distinction between an action at law for damages . . . and an equitable action for specific relief . . . ." (quoting *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949))); *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief . . . depend[s] on traditional principles of equity jurisdiction." (quoting 11A Charles Alan Wright et al., Federal Practice and Procedure § 2941, p. 31 (2d ed. 1995))); 1 WILLIAM BLACKSTONE COMMENTARIES ON THE LAWS OF ENGLAND 62 (4th ed. 1770) ("[L]aw, without equity, though hard and disagreeable, is much more desirable for the public good, than equity without law: which would make every judge a legislator, and introduce most infinite confusion."); Preston, *supra*, at 38 ("It is not within the province of the federal judiciary to avoid such questions. Empowered by Article III, Congress explicitly assigned that duty to the federal courts through the APA." (internal footnote omitted)); *Nieves v. McHugh*, 111 F. Supp. 3d 667, 679–80 (E.D.N.C. 2015) ("Thus, in an APA claim, 'summary judgment becomes the mechanism for deciding, as a

---

[1] *Arizona v. Biden* contemplated the issuance of a nationwide preliminary injunction, *not* final set-aside relief under the APA. Chief Judge Sutton, in his concurrence, noted that the APA language directing courts to "set aside" agency action "does not seem to tell us one way or another whether to nullify illegal administrative action or not to enforce it in the case with the named litigants" and ultimately concluded that the APA did not authorize *preliminary injunctions*. *Arizona v. Biden*, 31 F.4th 469, 484 (6th Cir. 2022) (Sutton, C.J., concurring).

matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.'" (citations omitted)).

That is, an injunction "operates on the enjoined officials" to block them from enforcing a regulation, while a vacatur of a regulation "unwinds the challenged agency action" altogether. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 522 (7th Cir. 2021).

Simply put, if an agency action is found to be invalid under 5 U.S.C. § 706, then the reviewing court must set it aside. Such is the case here, as the Sixth Circuit itself made clear. *See Mann Constr. v. United States*, 27 F.4th 1138, 1148 (6th Cir. 2022) ("[W]e must set it aside."). Consequently, IRS Notice 2007-83 will be set aside.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Enforce Mandate of the Court of Appeals, ECF No. 53, is **GRANTED**.

Further, it is **ORDERED** that IRS Notice 2007-83 is **SET ASIDE** under 5 U.S.C. § 706(2)(D).

**This is a final order but does not close the above-captioned case**.

Dated: January 18, 2023                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge