UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MANN CONSTRUCTION, INC., et al.,

        Plaintiffs,                              Case No. 1:20-cv-11307

v.                                                    Honorable Thomas L. Ludington
                                                         United States District Judge

UNITED STATES OF AMERICA,

        Defendant.
_____/

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO STAY ORDER**

In 2019, the Internal Revenue Service penalized Plaintiffs for violating IRS Notice 2007-83 by failing to disclose their participation in an employee-benefit trust. Plaintiffs sued the United States Government to recover the penalties they paid, alleging IRS Notice 2007-83 did not comply with the required notice-and-comment procedures of the Administrative Procedure Act (APA).

On appeal, the Sixth Circuit held that Congress did not exempt the IRS from the APA's notice-and-comment procedures for promulgating legislative rules. Accordingly, the Sixth Circuit concluded that IRS Notice 2007-83 must be "set aside."

On remand, IRS Notice 2007-83 was "set aside" under 5 U.S.C. § 706(2)(D)—as the Sixth Circuit directed. Twenty-seven days later, the Government filed a motion to stay the effect of the set-aside order. The question presented is whether such a stay is warranted.

**I.**

The Sixth Circuit Court of Appeals aptly summarized the facts of this case as follows:

> In collecting federal taxes, the Internal Revenue Service uses a "system of self-reporting." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975). Much as there may not be "a patriotic duty to increase one's taxes" under that system, *Helvering v. Gregory*, 69 F.2d 809, 810 (2d Cir. 1934), there is a duty to report all of the financial information that Congress requires.

Congress delegated power to the Secretary of the Treasury, who, through the IRS, requires taxpayers to submit information needed to assess and collect taxes. *See* 26 U.S.C. § 6011; *see also id.* § 7701(a)(11)(B). This information-gathering imperative allows the government to ensure compliance with tax provisions and ferret out improper tax avoidance.

In 2004, Congress added 26 U.S.C. § 6707A to the IRS's arsenal of tools for identifying tax avoidance schemes. Designed to shed light on potentially illegal tax shelters, § 6707A permits the IRS to penalize the failure to provide information concerning "reportable" and "listed" transactions.

A "reportable transaction" is one that has the "potential for [illegal] tax avoidance or evasion." *Id.* § 6707A(c)(1). A "listed transaction" is one that "is the same as, or substantially similar to, a transaction" that the IRS has identified as a "tax avoidance transaction." *Id.* § 6707A(c)(2). The statute authorizes monetary penalties and criminal sanctions for noncompliance with these reporting requirements. *Id.* §§ 6707A(b), 7203.

Today's dispute centers on a listed transaction. In 2007, the IRS issued Notice 2007-83, entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits." 2007-2 C.B. 960. The Notice designates certain employee-benefit plans featuring cash-value life insurance policies as listed transactions. A cash-value life insurance policy combines life insurance coverage with a cash-value investment account. As the IRS saw it, these transactions run the risk of allowing small business owners to receive cash and other property from the business "on a tax-favored basis." *Id.*

Brook Wood and Lee Coughlin collectively own Mann Construction, which is based in Michigan. The company provides general contracting, construction management, and similar services.

From 2013 to 2017, Mann Construction established an employee-benefit trust that paid the premiums on a cash-value life insurance policy benefitting Wood and Coughlin. The company deducted these expenses, while Wood and Coughlin reported as income part of the insurance policy's value. Neither the individuals nor the company reported this arrangement to the IRS as a listed transaction.

In 2019, the IRS concluded that this structure fit the description identified in Notice 2007-83. The agency imposed penalties on the company ($10,000) and both of its shareholders ($8,642 and $7,794) for failing to disclose their participation in the trust. All three paid the penalties for the 2013 tax year and sought administrative refunds, claiming the IRS lacked authority to penalize them. When the administrative process for challenging the penalties left the taxpayers empty-handed, they turned to federal court.

There, in 2020, the taxpayers sued the federal government to recover the penalties. *See* 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a). They challenged the validity of the Notice and penalties on four grounds: (1) the Notice failed to comply with the notice-and-comment requirements of the Administrative Procedure Act; (2) it constituted unauthorized agency action; (3) it was arbitrary and capricious; and (4) even if the Notice was valid, the arrangement at issue did not fall within its scope.

*Mann Constr. v. United States*, 27 F.4th 1138, 1141–42 (6th Cir. 2022).

In May 2021, this Court granted the Government's motion for summary judgment, holding that Congress authorized the IRS to promulgate the regulation without notice and comment. ECF No. 45. This Court determined that "the text, structure, and history of § 6707A and related Treasury regulations express[ed Congress's] clear intent that the APA notice and comment procedures need not be followed," *Mann Constr. v. United States*, 539 F. Supp. 3d 745, 760 (E.D. Mich. 2021) (noting that Congress passed § 6707A after "IRS officials came and sat before Congress and asked for penalties to enforce their new reporting regime").

Plaintiffs appealed, and the Sixth Circuit reversed this Court's Order. *Mann Constr.*, 27 F.4th at 1144–48 (holding that IRS Notice 2007-83 must be set aside because the IRS promulgated it without the requisite notice and comment). The Sixth Circuit reasoned that, because § 6707A "addresses a 'which transactions' question, not a 'what process' question," Congress did not expressly exclude IRS Notice 2007-83 from the APA's notice-and-comment requirements. *Id.* at 1146–47.

Three months later, Plaintiffs filed a motion to enforce the Sixth Circuit's mandate, seeking an order that vacated and sets aside IRS Notice 2007-83. ECF No. 53 at PageID.757–58. On January 18, 2023, this Court set aside IRS Notice 2007-83. *Mann Constr. v. United States*, No. 1:20-CV-11307, 2023 WL 248814, at *4 (E.D. Mich. Jan. 18, 2023). The Government appealed and filed a motion to stay the set-aside order pending appeal. ECF No. 77.

**II.**

In considering a motion for a stay pending appeal under Federal Rule of Civil Procedure Rule 62, courts must balance four factors:

(1) the likelihood that the party seeking the stay will prevail on the merits on appeal;
(2) the likelihood of irreparable harm to the moving party absent a stay;

(3) the prospect that others will be harmed if the court grants the stay; and
(4) the public interest in granting the stay.

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* "[A] stay is not a matter of right, but is rather an exercise of judicial discretion." *Ohio State Conf. of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)).

### III.

The Government seeks an order staying the effect of the Order that set aside IRS Notice 2007-83. ECF No. 77 at PageID.1093. Plaintiffs, on the other hand, contend that the Government "cannot satisfy" any of the four factors to warrant a stay. ECF No. 79 at PageID.1099.

### A.

The first factor is the Government's likelihood of success on appeal. *Griepentrog*, 945 F.2d at 153 (explaining that the "movant need not always establish a high probability of success on the merits," because that probability "is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay").

The Government asserts the first factor favors a stay because the meaning of "set aside" is "an unsettled legal issue," ECF No. 77 at PageID.1093, but it does not discuss the likelihood of success on appeal, ECF No. 80 at PageID.1143 (admitting that it "is not asking this Court to determine the likelihood that [this Court's] order will be reversed, only that other courts have ruled to the contrary"). Moreover, the Sixth Circuit held that IRS Notice 2007-83 must be set aside and remanded the case for this Court to do so. *See Mann Constr. v. United States*, 27 F.4th 1138, 1148 (6th Cir. 2022).

Why would the Sixth Circuit reverse the order of a district court that did exactly what the Sixth Circuit directed it to do? Although the Government's argument on appeal is not entirely clear, it can be interpreted in two ways. First, the Government could argue this Court exceeded its authority by vacating IRS Notice 2007-83. *See* ECF No. 77 at PageID.1094. But that argument is meritless because Congress *requires* district courts to set aside unlawful agency action. 5 U.S.C. § 706(2) ("The reviewing court *shall* hold unlawful and set aside agency action, findings, and conclusions found to be [unlawful]."). The second possible interpretation of the Government's argument on appeal is that the *effect* of this Court's order does not bind other circuits. ECF No. 77 at PageID.1094. A thoughtless glance might favor that view, but a steady eye sees that this argument is not one to be made to the Sixth Circuit, as it is not for one circuit court to decide the controlling effect of a court order in any other circuit. This is the argument the Government may make in every *other* circuit where it hopes to enforce the Notice. But making that argument to the Sixth Circuit will not change the conclusion it already reached: that IRS Notice 2007-83 must be set aside. *Mann Constr. v. United States*, 27 F.4th 1138, 1148 (6th Cir. 2022).

Admittedly, there is an unresolved academic debate about how to reconcile the APA's edict to district courts with the principle of *stare decisis*. What use is a district court's order that sets aside an agency action in one circuit yet controls no other circuit? Despite the palpability of that question, its answer must come from Congress or, presumably, the Supreme Court. Until that time, courts must continue to resolve APA challenges as Congress directed: by setting aside or vacating unlawful agency action. Indeed, as this Court previously noted "if an agency action violates the APA, 'then the court should invalidate the challenged action.'" *Mann Constr. v. United States*, No. 1:20-CV-11307, 2023 WL 248814, at *3 (E.D. Mich. Jan. 18, 2023) (quoting Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 7

(2022)). "[A]nd an invalid rule may not be applied to anyone." Mila Sohoni, *The Power to Vacate a Rule*, 88 GEO. WASH. L. REV. 1121, 1173 (2020). If the IRS wishes to argue otherwise, then it may do so in every other court that has not yet "set aside" IRS Notice 2007-83. *See, e.g.*, *Govig & Assocs. v. United States*, No. 2:22-CV-00579, 2023 WL 2614910, at *44–45 (D. Ariz. Mar. 23, 2023) (concluding without explanation that this Court's set-aside order had no binding effect in the District of Arizona). But it may not do so here. In sum, the Government has not advanced a likelihood of success on appeal—nor does it have one. Thus, the first factor weighs heavily against a stay.

**B.**

The second factor is the likelihood of irreparable harm to the Government absent a stay. *Griepentrog*, 945 F.2d at 153. In considering this second factor, courts generally look to "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Id.* at 154. Yet, no matter how substantial, injuries "in terms of money, time[,] and energy necessarily expended in the absence of a stay[] are not enough." *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

The Government asserts its "litigation and the IRS's administrative proceedings" in other districts regarding IRS Notice 2007-83[1] would be "disrupt[ed]." ECF No. 77 at PageID.1096.

But, as the Plaintiffs point out, the IRS has continued to impose penalties based on the Notice, demonstrating that "the IRS does not consider itself impacted or limited in any manner by this Court's Order [as directed by the Sixth Circuit's mandate], whether it is stayed or not stayed." ECF No. 79 at PageID.1103. Indeed, the IRS continues to litigate the validity of IRS Notice 2007-83 in other districts and declining to issue a stay will not impact the Government's ability to

---

[1] *See Govig & Assocs. v. United States*, No. 2:22-CV-00579 (D. Ariz. filed Apr. 8, 2022); *Oom, Inc. v. United States*, No. 2:22-CV-02762 (D.N.J. filed Mar. 11, 2022).

- 6 -

continue advancing arguments about the effect of this Court's Order in other districts if it so chooses. And to the extent that not imposing a stay would "disrupt[]" the IRS's litigation and administrative proceedings, ECF No. 77 at PageID.1096, the loss of time and money caused by any such disruption is not an irreparable injury sufficient to warrant a stay. *See Natural Res. Def. Council, Inc. v. USDA*, 884 F.Supp.2d 108, 123–25 (S.D.N.Y. 2012) (noting that "the argument 'that potentially wasted and diverted staff resources constitutes irreparable harm' has been held meritless" (quoting *Shays v. FEC*, 340 F. Supp. 2d 39, 48 (D.D.C. 2004))). In sum, the second factor also weighs heavily against a stay.

### C.

The third factor is the prospect that Plaintiffs will be harmed if a stay is granted. *Griepentrog*, 945 F.2d at 153. The Government argues that Plaintiffs will not be harmed by the stay, because their "harms have been fully remediated by the IRS's refund and abatement of the applicable penalties," ECF No. 77 at PageID.1096, and "Notice 2007-83 already cannot be enforced against [them]," ECF No. 80 at PageID.1146. Plaintiffs allege the Government's statement is false because they are still parties to a case in the United States Tax Court involving tax penalties arising from IRS Notice 2007-83. ECF No. 79 at PageID.1104–05.

However, it is not clear how Plaintiffs could be harmed by that pending litigation. The Government acknowledges it may not enforce IRS Notice 2007-83 against Plaintiffs. *See* ECF No. 77 at PageID.1096. Nor could it do so. *See Stacey Mfg. v. Comm'r*, 237 F.2d 605, 606 (6th Cir. 1956) (per curiam) (holding that each tax court is "bound" to "follow the rules of decision pronounced by the United States Court of Appeals having appellate jurisdiction"). As no penalties can be assessed against Plaintiffs under IRS Notice 2007-83, this factor favors a stay.

**D.**

The final factor is "the public interest in granting the stay." *Griepentrog*, 945 F.2d at 153.[2] The Government argues that the public has an interest in granting the stay because it would "aid the government in its law enforcement and regulatory activities." ECF No. 77 at PageID.1096. Maybe so. But the public also has an interest in preventing unlawful agency action, *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *accord Kentucky v. Biden*, 23 F.4th 585, 612 (6th Cir. 2022) ("[T]he public's true interest lies in the correct application of the law."); *Washington v. Reno*, 35 F.3d 1093, 1102 (6th Cir. 1994) (noting the "public interest in having governmental agencies abide by the federal laws that govern their existence and operations"), and the Sixth Circuit has already held that the IRS Notice 2007-83 is unlawful, *Mann Constr. v. United States*, 27 F.4th 1138, 1144–48 (6th Cir. 2022). In this way, the public interest disfavors a stay.

**E.**

Overall, the factors score 1–3–0, and the two "most critical" factors weigh against a stay, *Nken v. Holder*, 556 U.S. 418, 434 (2009), so the Government's request for a stay will be denied.

**IV.**

Accordingly, it is **ORDERED** that the Government's Motion to Stay Order Pending Appeal, ECF No. 77, is **DENIED**.

**This is a final order (of this Court) and closes the above-captioned case.**

Dated: May 1, 2023               s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge

---

[2] The Government asserts the third and fourth factors merge "when the government is the other party." ECF No. 77 at PageID.1096. But these factors merge only if the Government is "*opposing*" the stay. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (emphasis added). Because that is not the case here, the third and fourth factors do not merge.