**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MANN CONSTRUCTION, INC., et al.,

Plaintiffs,

v.

Case No. 1:20-cv-11307
District Judge Michael C. Martin

UNITED STATES OF AMERICA,

Defendant.

---

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION**

Plaintiffs seek recovery of attorneys' fees under 26 U.S.C. § 7430. This Court previously held that Plaintiffs were entitled to recover attorneys' fees and costs (ECF No. 96) and entered a judgment awarding $220,482.50 in attorneys' fees and $1,355.90 in costs. (ECF No. 97.) The Government now moves for reconsideration. (ECF. No. 98.) The Government asks the Court to hold that it committed clear error of law by (1) finding that Plaintiffs incurred the costs they seek, (2) finding that the Court was precluded from exercising discretion to deny an award of fees and costs based on finding that Plaintiffs satisfy the "qualified offer" criteria in § 7430(g), and (3) not determining whether the fees and costs sought by Plaintiffs are "reasonable." (ECF No. 98, PageID.1305.) After the parties

briefed the Government's Motion for Reconsideration, the Court ordered supplemental briefing on two questions:

1. Did someone fund Plaintiffs' litigation in this case—the tax professional featured in the video that the Government provides or otherwise?
2. If so, what is the nature of the funding arrangement? In other words, did the funding arrangement require Plaintiffs to pay the person back, or did that person pay Plaintiffs' attorneys as a gift?

(ECF No. 106, PageID.1371.)

Plaintiffs have confirmed that Kenton Crabb paid the fees that are subject to the requested reimbursement pursuant to 26 U.S.C. § 7430. (ECF No. 108, PageID.1401.) Further, Plaintiffs have confirmed that the funding arrangement was undertaken with the expectation that Plaintiffs would reimburse Crabb if Plaintiffs prevailed. (ECF No. 108-2, PageID.1404) ("We agreed with Kenton Crabb that if we were entitled to fee reimbursement, we would repay Mr. Crabb the fees he advanced.").

Having resolved these questions, and for the reasons below, the Court denies the Government's Motion for Reconsideration. (ECF No. 98.)

## I. STANDARD

The Government moves for reconsideration under Fed. R. Civ. P. 59(e). "A Rule 59 motion should only be granted if there was (1) a clear error of law; (2)

newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Here, the Government moves for reconsideration on the first ground—i.e., that the Court committed clear error of law. Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp.2d 721, 726 (E.D. Mich. 2000).

## II. ANALYSIS

As a threshold matter, the Government improperly attempts to relitigate arguments that the Court has already rejected. First, the Government argues that the Court "clearly erred in concluding that Plaintiffs 'incurred' the costs that they seek to recover." (ECF No. 98, PageID.1313.) The Government states that "there is nothing in the record evidencing any obligation of Plaintiffs at all (whether absolute or contingent) to repay the third party that paid their substantial fees." (*Id.* at 1316.) This is merely a restatement of the Government's Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation, in which the

Government argued Plaintiffs "have not demonstrated that they incurred the fees at issue." (ECF No. 84, PageID.1202.) Further, the Court already considered this argument, holding that "even if a third party fronted Plaintiffs' fees, that does not prevent Plaintiffs from recovering them under § 7430." (ECF No. 96, PageID.1296.) Second, the Government argues that the Court erred in finding it was precluded from exercising its discretion to deny an award of fees. (ECF No. 98, PageID.1320.) But this misunderstands the Court's previous holding. The Court recognized its discretion under § 7430, but the Court declined to exercise it to rewrite the plain text of the statute. (ECF No. 96, PageID.1294) (declining the Government's invitation "to . . . deny[] attorneys' fees using this Court's discretion under the statute."). The Government cannot now rehash its request for the Court to exercise its discretion and hope for a different result. Finally, the Government argues that the Court failed to assess whether the fees were "reasonable." (ECF No. 98, PageID.1323.) However, implicit in the Court's Order was an assessment of the reasonableness of the fees requested. In deciding to award fees, the Court considered the billing invoices, the accuracy of those invoices, and the engagement letter from Plaintiffs' attorneys. (ECF No. 96, PageID.1296.) In sum, the Government's effort to revisit old arguments or reopen issues already decided by this Court is improper.

Even if the Court were to consider the merit's of the Government's motion, the Court would still deny it. Start with the Government's argument that the Plaintiffs did not incur any costs. In tax refund litigation, "the prevailing party may be awarded a judgment or a settlement for—(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a). The statutory definition of "reasonable litigation costs" also refers to attorneys' fees that are "paid or incurred." § 7430(c)(1)(B)(iii). "[A] taxpayer can 'incur' attorneys' fees if he assumes either: (1) a noncontingent obligation to repay the fees advanced on his behalf at some later time; or (2) a contingent obligation to repay the fees in the event of their eventual recovery." *Morrison v. Comm'r*, 565 F.3d 658, 662 (9th Cir. 2009).

Here, Plaintiffs incurred attorneys' fees when they assumed a contingent obligation to repay the fees in the event of their recovery. As stated in Brook Wood's declaration, Plaintiffs "agreed with Kenton Crabb that if [they] were entitled to fee reimbursement, [they] would repay Mr. Crabb the fees he advanced." (ECF No. 108-2, PageID.1404.) This is sufficient evidence of a contingent obligation to repay the fees in the event of recovery as required by *Morrison*. The Court holds that Plaintiffs incurred fees in litigating this case.

Additionally, there is no evidence in the record that Crabb is ineligible for a fee-shifting award. The Government argues that Plaintiffs appear to be ineligible for a fee shifting award because Crabb covered the costs of their attorneys and fees, and Crabb is ineligible to recover under the statute. Although the Government concedes that "Crabb's net worth is not in the record," the Government asks the Court to speculate that Crabb's net worth makes him ineligible to recover. (ECF No. 107, PageID.1382.) The Court declines to do so. Absent any evidence that Crabb would be unable to recover under the statute, the Court declines to deny the fee-shifting award to Plaintiffs.

Turning to the Government's argument that the Court failed to exercise its discretion, the Court agrees that a correct reading of § 7430 requires the court to exercise its discretion. However, the Court already recognized that discretion, refused to use it to rewrite the statute, and found the requested attorneys' fees reasonable. Even revisiting these arguments on the merits, the Court stands by its previous holding. Section 7430(a) provides that the "prevailing party *may* be awarded a judgment or a settlement for" "reasonable litigation costs." (emphasis added). The statute sets forth a special definition of prevailing party where a qualified offer is made. Specifically, a party shall be treated as the prevailing party if "liability of the taxpayer pursuant to a judgment in the proceeding . . . is equal to or less than the liability of the taxpayer which would have been so determined if

the United States had accepted a qualified offer." 26 U.S.C. § 7430(c)(4)(E)(i). As the Court previously explained, Plaintiffs' $1 settlement offer was a qualified offer. (ECF No. 96, PageID.1295.) Because Plaintiffs' liability was found to be less than the $1 settlement offer, Plaintiffs are the prevailing parties under the statute. As the Government points out, § 7430(a)'s use of the word "may" indicates that Congress intended for the Court to exercise its discretion. *William L. Comer Fam. Equity Pure Tr. v. Comm'r*, 958 F.2d 136, 139 (6th Cir. 1992) ("Section 7430 authorizes the Tax Court to award litigation costs but does not demand such awards."). As discussed, the Court already declined to use its discretion to create a carve-out to the qualified offer rule under § 7430. A reasoned refusal to exercise Congressionally granted authority to rewrite the terms of a statute is not the same as "abdicat[ing] the judicial role." (ECF No. 98, PageID.1321.)

Finally, addressing the Government's last argument, the Court again holds that Plaintiffs' requested fees are reasonable. "'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted). "The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case

by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Id.* "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Finally, although the attorneys' fee award was limited to $210 per hour under § 7430(c)(1)(B)(iii) in 2020, when the representation began, the Court is permitted to depart from this limit if "the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B)(iii); *see also* Rev. Proc. 19-44, 2019-47 I.R.B. (Nov. 18, 2019), https://www.irs.gov/irb/2019-47_IRB.

Here, as the Court previously discussed, Plaintiffs provided evidence that they incurred fees and costs, including twenty-one billing invoices from the relevant billing period, totaling $226,182.90. (ECF No. 52-5, PageID.677–755.) Plaintiffs' attorneys spent 996.5 hours on this matter, billing an hourly rate of $225. (*Id.*) Plaintiffs' attorneys stated that this hourly rate was $75 less than their standard hourly rate and is within the range of reasonableness for litigators in the Sixth Circuit. (ECF No. 52-5, PageID.676.) Further, Plaintiffs' attorneys declare that "[a]ll of the time and costs expended in this case were actually and necessarily spent in order to prosecute the case and defend against the Government's assessment of penalties." (*Id.* at PageID.675.) Lastly, although $210 per hour was

the amount recoverable for attorney's fees in 2020, this litigation has continued well into 2026, where the amount recoverable for attorneys' fees is now $260. *See* Rev. Proc. 25-32 (Oct. 9, 2025), https://www.irs.gov/pub/irs-drop/rp-25-32.pdf. Based on these factors, the Court is satisfied that Plaintiffs have adequately demonstrated the reasonableness of the attorneys' hourly rate and number of hours expended. Considering the results Plaintiffs' attorneys obtained, the Court finds it reasonable to permit them to recover the fully compensatory fee they request.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's motion for reconsideration. (ECF NO. 98.)

s/Michael C. Martin
Hon. Michael C. Martin
United States District Judge

Dated: November 16, 2026